**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: Michael J. Prier, | ) | Case No. 25-01418 |
| Debtor, | ) | (Chapter 7) |
| Viner Law Firm, | ) | Adv. Proc. No. 26-09013 |
| Plaintiff, | ) | |
| Michael J. Prier, | ) | Bench Memorandum |
| Defendant. | ) | Re: Nondischargeability of Debt |

**Bench Memorandum Regarding Nondischargeability of Attorney-Fee Debt**
(11 U.S.C. §§ 523(a)(6), (15))

## I.     Prepared for the Court

1.     This bench memorandum is submitted to assist the Court in evaluating the legal issues presented by Plaintiff's adversary complaint seeking a determination that a state-court attorney-fee award is nondischargeable under 11 U.S.C. §§ 523(a)(15) and 523(a)(6). The central issues are:

(a)     whether attorney's fees awarded in a contempt proceeding arising from a dissolution of marriage fall within § 523(a)(15), and

(b)     whether express Iowa contempt findings establish willful and malicious injury for purposes of § 523(a)(6) under principles of issue preclusion.

## II.     Undisputed Factual Context

2.     Defendant is a Chapter 7 debtor.

3.     The debt at issue is a $7,225.50 attorney-fee award.

4.     The fee award arose from an Iowa District Court contempt proceeding within a dissolution of marriage case.

5.     After a full evidentiary hearing, the Iowa court entered a detailed written order finding Defendant in contempt beyond a reasonable doubt for intentionally violating custody- and visitation-related orders.

6.    The Iowa court ordered Defendant to pay the opposing party's reasonable attorney's fees as a sanction for contemptuous conduct.

7.    The contempt order includes express findings of intentional, deliberate disobedience, bad purpose, and wanton disregard of the former spouse's parental rights.

## III.   Issues Presented

8.    Whether attorney's fees awarded in a divorce-related contempt proceeding are nondischargeable under § 523(a)(15).

9.    Whether the Iowa contempt findings establish willful and malicious injury under § 523(a)(6).

10.   Whether principles of issue preclusion bar relitigation of willfulness and malice in this Court.

## IV.   Legal Analysis

### A.    Section 523(a)(15): Divorce-Related Attorney Fees

11.   Section 523(a)(15) excepts from discharge any debt:

(a)    Owed to a spouse or former spouse;

(b)    Not a domestic support obligation; and

(c)    Incurred in the course of, or in connection with, a divorce decree, separation agreement, or other order of a court of record.

12.   The statute focuses on the origin and function of the debt, not the identity of the payee.

13.   In In re Kline, 65 F.3d 749, 750–51 (8th Cir. 1995), the Eighth Circuit held that attorney's fees awarded in a dissolution proceeding are nondischargeable

even when payable directly to counsel rather than the former spouse. The court adopted a functional analysis, emphasizing that fees incurred to enforce marital and custodial obligations are inseparable from the divorce proceeding itself.

14.   Here, the attorney-fee award:  (a) arose exclusively within a dissolution action; (b) was imposed to enforce custody and visitation orders; and (c) was awarded as part of a contempt ruling entered by a court of record.

15.   Under Kline and the plain language of § 523(a)(15), the debt is nondischargeable as a matter of law.

**B.     Section 523(a)(6): Willful and Malicious Injury**

16.   The Eighth Circuit defines:  (a) "Willful" conduct as headstrong, knowing, or deliberate action with knowledge that injury is substantially certain to occur; and (b) "Malicious" conduct as conduct targeted at the creditor and undertaken without just cause or excuse. In re Long, 774 F.2d 875, 881 (8th Cir. 1985).

17.   When willful and malicious injury is established, all damages flowing from that conduct, including attorney's fees, are nondischargeable. In re Miera, 926 F.2d 741, 744 (8th Cir. 1991).

**C.     Issue Preclusion from Iowa Contempt Findings**

18.   Under Grogan v. Garner:  (a) issue preclusion applies in § 523 actions; and (b) a prior determination made under a higher burden of proof than the bankruptcy preponderance standard is fully preclusive. 498 U.S. 279, 284–85 (1991).

19.   Federal courts must give Iowa state-court judgments the same preclusive effect they would receive under Iowa law.

20.    Iowa contempt proceedings are quasi-criminal. To support a contempt finding, the movant must prove beyond a reasonable doubt that:

(a)    a court order existed;

(b)    The contemnor knew of the order; and

(c)    The contemnor willfully and intentionally violated it with bad purpose or wanton disregard of the rights of others.

See Reis v. Iowa Dist. Ct., 787 N.W.2d 61, 68 (Iowa 2010).

21.    The Iowa court expressly found that Defendant:

(a)    Knew of the visitation and communication requirements;

(b)    Intentionally and repeatedly disobeyed them;

(c)    Acted with bad purpose and in wanton disregard of the former spouse's parental rights;

(d)    Caused injury necessitating litigation and enforcement proceedings.

22.    These findings necessarily satisfy both the willful and malicious elements of § 523(a)(6), and they were made under a burden of proof exceeding that required in bankruptcy.

23.    Bankruptcy courts in Iowa and the Eighth Circuit routinely give preclusive effect to state-court findings of intentional misconduct when evaluating § 523(a)(6) claims. See Order re: Mot. for Summ. J. at 3–4, Dudley v. Cornwell (In re Cornwell), (No. 10-09057) (Bankr. N.D. Iowa August 19, 2011), ECF No. 16 (Attached hereto as **Exhibit A**); In re Miera, 926 F.2d at 743–44.

24.    Accordingly, Defendant is precluded from relitigating intent or malice in this proceeding.

**V.   Practical Implications for Case Management**

25.   Liability is largely established by the state-court record.

26.   Discovery, if any, is likely limited to authentication and damages confirmation.

27.   The case is a strong candidate for early summary judgment on nondischargeability.

**VI.   Conclusion**

28.   The attorney-fee debt at issue is nondischargeable under two independent theories:

(a)   § 523(a)(15) — as a debt incurred in connection with a divorce and custody proceeding; and

(b)   § 523(a)(6) — as a debt arising from willful and malicious injury conclusively established by Iowa contempt findings entitled to issue-preclusive effect.

29.   The Court may resolve nondischargeability as a matter of law based on the existing record.

*[Remainder of Page Intentionally Left Blank;*
*Signature and Certificate of Service Follows]*

Date:  April 22, 2026.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
Frontenac, MO 63131
Physical: 222 Third Ave. SE
Suite 501, Office 6
Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Plaintiff*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with the CM/ECF on April 22, 2026, and mailed, to the parties below and as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*