IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| SHERRI CORNWELL, ) | |
| ) | |
| Debtor. ) | Bankruptcy No. 11-01184 |
| ------------------------------------------------------- | |
| TERESA L. DUDLEY, ) | |
| ) | Adversary No. 10-09057 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHERRI LEE CORNWELL, ) | |
| ) | |
| Defendant. ) | |

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on August 8, 2011 for hearing on Plaintiff's Motion for Summary Judgment.   Plaintiff was represented by Attorney James T. Peters.   Debtor/Defendant was represented by Attorney Michael C. Dunbar.   After hearing arguments of counsel, the Court took the matter under advisement.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff's complaint asserts her small claims judgment against Debtor is excepted from discharge for willful and malicious injury.   She asserts no facts are in dispute and she is entitled to summary judgment.   Debtor argues the judgment fails to satisfy the "malicious" element of § 523(a)(6) as it does not make a specific finding regarding Debtor's intent.

Case 10-09057 Doc 16 Filed 08/19/11 Entered 08/19/11 13:41:57 Desc Main
Document Page 2 of 4

## FINDINGS OF FACT

The Iowa District Court issued a Small Claims judgment against Debtor Sherri Cornwell on September 11, 2009 awarding Plaintiff Teresa Dudley $1,000 in actual damages plus $4,000 in punitive damages, plus interest and costs.   The small claims ruling (attached to the Motion for Summary Judgment) states, in pertinent part:

> [T]he Court hereby finds by a preponderance of clear, convincing and satisfactory evidence that the conduct of the [Debtor] in this case constituted a willful and wanton disregard for the safety or rights of the Plaintiff.
> . . .
> The Court further finds that the conduct of the [Debtor] was directed specifically at the Plaintiff. . .

Ruling, Small Claim No. SCSC021144, Sep. 11, 2009.   The judgment arises from an altercation in a store where Debtor pushed Plaintiff against a counter in an attempt to obtain money from the store's cash register, which Debtor believed she was entitled to.

## CONCLUSIONS OF LAW

Plaintiffs bear the burden to prove the elements of claims under 11 U.S.C. § 523(a) by a preponderance of the evidence.   See Grogan v. Garner, 498 U.S. 279, 285 (1991).   Exceptions to discharge must be "narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code.   These considerations, however, are applicable only to honest debtors."   In re Van Horne, 823 F.2d 1285, 1287 (8th Cir.1987) (citations omitted).

### § 523(a)(6)

The Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).   In Kawaauhau v. Geiger, the Supreme Court affirmed an Eighth Circuit decision that a medical malpractice claim was dischargeable in bankruptcy.   523 U.S. 57 (1998).   The Court held that "willful" means a

Case 10-09057 Doc 16 Filed 08/19/11 Entered 08/19/11 13:41:57 Desc Main
Document Page 3 of 4

"deliberate or intentional injury" not merely a "deliberate or intentional act that leads to injury." Id. at 61. Also, the Court noted the similarity between the terminology used in § 523(a)(6) and common law intentional tort and stated that evidence of recklessness does not qualify as willfulness. Id. at 57–58. In In re Patch, 526 F.3d 1176, 1181 (8th Cir. 2008), the Eighth Circuit further stated that willfulness can be inferred if the debtor knew injury was "certain" or "substantially certain" to occur as a result of the conduct. The "malicious" element requires the plaintiff to show that the debtor's conduct was targeted at the plaintiff, at least in the sense that the conduct was certain or almost certain to cause the plaintiff harm. In re Porter, 539 F .3d 889, 894 (8th Cir. 2008); In re Madsen, 195 F.3d 988, 989 (8th Cir. 1999).

## ISSUE PRECLUSION

Under issue preclusion, once a court has decided an issue of fact or law necessary to its judgment, the same issue cannot be relitigated in later proceedings. See, e.g., Followell v. U.S., 532 F.3d 707, 708 (8th Cir. 2008). "[T]he preclusive effect of a state court judgment in a subsequent federal case is determined by reference to state law." In re Binns, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005. Under Iowa law, a four-part test determines whether the doctrine of issue preclusion, also known as collateral estoppel, applies to prevent relitigation. Winnebago Industries, Inc. v. Haverly, 727 N.W.2d 567, 572 (Iowa 2006). The four elements are:

> (1) the issue determined in the prior action is identical to the present issue; (2) the issue was raised and litigated in the prior action; (3) the issue was material and relevant to the disposition in the prior action; and (4) the determination made of the issue in the prior action was necessary and essential to that resulting judgment.

Id.

## ANALYSIS

The issue in this adversary proceeding is whether the debt represented by the small claims judgment arises from willful and malicious injury by Debtor. It is evident from the Small Claims ruling that the issue was actually litigated in the

3

Small Claims court. That court, in granting punitive damages, found that Debtor's conduct was willful and wanton and directed specifically at Plaintiff. Plaintiff's request for punitive damages in the Small Claims court led that court to consider issues identical to those raised to prove a willful and malicious injury in this Court. Issue preclusion prevents the parties from relitigating the issue in this Court.

Based on the findings and conclusions of the Small Claims court, this Court must conclude that Plaintiff has proved the elements to except the debt from discharge for willful and malicious injury under § 523(a)(6). As no issues of fact exist and Plaintiff is entitled to judgment as a matter of law, her motion for summary judgment should be granted.

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is GRANTED.

**FURTHER**, Plaintiff has proved by a preponderance of the evidence that the debt arising from the Small Claims judgment is excepted from discharge under § 523(a)(6).

**FURTHER**, the Small Claims court's total judgment of $5,000, plus interest and costs, is excepted from discharge.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered:

August 19, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

4