UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

MICHAEL J. PRIER,

    Debtor

Chapter  7

Bankruptcy No.  25-01418

VINER LAW FIRM, PC,

    Plaintiff

vs.

MICHAEL J. PRIER,

    Defendant

Adversary No.  26-09013

**SCHEDULING ORDER**

This adversary proceeding comes before the court on May 8, 2026, for a scheduling conference pursuant to Fed. R. Civ. P. 16(b).

The following appearances were entered:

Attorney Eric J. Langston for Plaintiff

Attorney Steven G. Klesner for Defendant

The Court having conferred with the parties, **IT IS ORDERED**:

I.    DISCOVERY DEADLINE

The deadline for the completion of discovery (including depositions of all experts) is July 9, 2026.

II.    AMENDMENTS TO PLEADINGS AND JOINDER OF ADDITIONAL PARTIES

( ) Neither joinder of additional parties nor other amendments to the pleadings are contemplated.

(X) Motions to amend a pleading or amendment by agreement of the parties, including the proposed joinder of any additional parties, shall be filed by June 8, 2026.

Motions to amend shall be granted if no resistance is filed within 14 days of service of the motion.

( ) Leave to amend the _____ is hereby granted to:_____.

III.     INITIAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1)

( ) Initial disclosures required by Fed. R. Civ. P. 26(a)(1) have been made.

( ) Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be made by _____.

( ) The initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) are modified as follows:

(X) Counsel for the parties stipulate that initial disclosure required by Fed. R. Civ. P. 26(a)(1) are not applicable in this adversary proceeding.

IV.     DISCLOSURE OF EXPERTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(A)

( ) Disclosure of the identity of experts shall be made as follows:

   ( ) All parties by

   ( ) Plaintiff(s) by

   ( ) Defendant(s) by

   ( ) Other parties by

   ( ) Rebuttal by

It is ordered that Fed. R. Civ. P. 26(a)(2)(B) regarding written reports by experts shall be applicable to this adversary proceeding. The report shall be served on opposing counsel at the time of disclosure of the identity of the expert.

(X) No party contemplates the use of trial testimony by an expert witness.

If a party decides to use an expert witness at trial, and a deadline for disclosing the identity of any such witness is not established by this order, the timing of such disclosure(s) shall be governed by Fed. R. Civ. P. 26(a)(2)(C) and the report required by Fed. R. Civ. P. 26(a)(2)(B).

V.     SUPPLEMENTATION OF DISCLOSURES UNDER FED. R. CIV. P. 26(e)(1)

Counsel are reminded of their duty to reasonably supplement disclosure and discovery responses pursuant to Fed. R. Civ. P. 26(e)(1).

VI.     PRETRIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(3)

The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), regarding witnesses, deposition witnesses, and exhibits shall be made by no later than the attorneys' conference required by this Order. Objections under Fed. R. Civ. P. 26(a)(3) shall be filed and served within 14 days thereafter.

VII.     DISPOSITIVE MOTIONS

     A.     Deadline

       (X) The deadline for filing of dispositive motions such as motion for judgment on the pleadings or motion for summary judgment shall be August 10, 2026. A dispositive motion will be denied without hearing if it is filed after the deadline.

       ( ) No specific deadline is set for the filing of dispositive motions, such as motion for judgment on the pleadings or motion for summary judgment. However, any such motion filed

           ( )    within ___ days prior to the first date set for trial

           ( )    after the due date of the pretrial statement.

       will be denied without hearing. A motion to extend the time for filing such motions must be filed more than **30** days prior to the first date set for trial.

     B.     Motion for Summary Judgment

       1.   A party who files a motion for summary judgment or a resistance to a motion for summary judgment must file for chamber's use an additional copy of the motion or the resistance and a copy of all papers filed in support thereof.

       2.   A party desiring oral argument on a motion for summary judgment must make the request in the motion or the resistance; the request should be identified as part of the title of the pleading. Oral argument will be held at the discretion of the presiding judge.

VIII.     DISCOVERY MOTIONS

     A.     Parties Must Confer – Affidavit

       Except in circumstances where one party to a discovery dispute is appearing *pro*

*se*, a motion relating to discovery will not be considered by the court unless counsel for the moving party has filed an affidavit stating that he or she has conferred personally and in good faith with counsel for the opposing party in an effort to resolve the discovery dispute without court intervention and that the parties have been unable to reach such an agreement. Alternatively, counsel must certify what efforts were made to confer with opposing counsel or why such conference was not held.

B.  Discovery Disputes

1.  A motion to compel discovery or a motion for a protective order must be attached to the relevant discovery requests and responses.

2.  A motion seeking the imposition of sanctions under Fed. R. Civ. P. 37(b)-(d) must have attached to it all documents considered by movant to be relevant to the motion.

C.  The Court will deny without hearing discovery motions filed after the close of discovery or filed in violation of this Order.

IX.  COSTS - TAXATION/PAYMENT

A.  If the court allows costs to the prevailing party, in order to recover costs, the party must file a "Bill of Costs" (Official Bankruptcy Form B-2630) and serve it upon counsel for the adverse party or parties within 20 days of the allowance. Failure to file within the required time shall constitute a waiver of the recovery of costs.

B.  A party opposing the clerk's taxation of costs shall have 10 days from the service of the Bill of Costs to file a resistance to taxation. After that time, if no resistance is filed, the clerk shall tax the costs in the amount determined by the clerk to be appropriate. On motion served within five (5) days after the clerk's taxation of costs, a party may seek review of the clerk's taxation.

C.  Unless otherwise ordered by the court, all costs taxed are payable directly to the party entitled thereto.

X.  FINAL PRETRIAL CONFERENCE:

(X) A Final Pretrial Conference is not requested, and shall be held only on later request of a party or on the court's own motion.

( ) A Final Pretrial Conference is requested by the parties or required by the court and shall be set by separate notice upon the filing of the parties' "Pretrial Statement."

( ) A Final Pretrial Conference is scheduled for:

4

Date:                    Time:

Location:

XI.   TRIAL DATE:

( ) Trial is scheduled for:

Date:                    Time:

Location:

( ) Trial shall be set by the Clerk for a date after

( )  Trial shall be set by the Court after filing of the Pretrial Statement.

(X) After the Pretrial Statement has been filed, the Clerk shall set a scheduling conference for the purpose of setting a trial date.

( ) Trial shall be set at the Final Pretrial Conference.

XII.   CORE/NON-CORE PROCEEDING

(X) The parties stipulate that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

( ) To the extent this is not a core proceeding, the parties stipulate that this adversary proceeding may be heard and determined by the Bankruptcy Court, and the Court may enter appropriate orders and judgment.

( ) The court concludes that this is a core proceeding.

( ) The court concludes that this is not a core proceeding but is otherwise related to the case.

( ) The court shall determine whether this is a core proceeding or otherwise related proceeding after separate hearing to be set by the Clerk.

( ) The issue of whether this is a core proceeding or otherwise related proceeding shall come before the court at _____ on _____.

XIII.   OTHER MATTERS brought to the attention of the Court were resolved as follows:

5

XIV.  MARKING EXHIBITS, EXCHANGE OF EXHIBITS, OBJECTIONS

A.  Marking Exhibits

Prior to the commencement of a trial or hearing, all exhibits to be offered into evidence shall be marked with exhibit labels. The original label shall be affixed to the exhibit which will be offered into evidence. A plaintiff or moving party shall identify its exhibits using consecutive numbers. A defendant or respondent shall identify its exhibits using consecutive letters. If there is more than one plaintiff, moving party, defendant or respondent, the parties shall agree as to a division of numbers or letters, and the exhibit labels should clearly identify the party by whom the exhibit is offered.

B.  Exhibit List

A party offering an exhibit shall submit an Exhibit List which lists all of the exhibits which the party proposes to offer into evidence. The form of the Exhibit List is available on the Court's public website (www.ianb.uscourts.gov). Prior to the commencement of the trial or hearing, the list shall be delivered to the courtroom deputy. Also prior to the commencement of the hearing or trial, the courtroom deputy shall initial and date each exhibit label. Copies of the Exhibit List shall be made available for opposing counsel and the presiding judge.

C.  Copies of Exhibits

The party offering an exhibit into evidence shall provide copies to each opposing counsel and two copies to the court.

D.  Exchanging Exhibits Prior to Trial

All proposed exhibits must be served on opposing counsel at least 10 business days prior to the date of the hearing or trial. The offeror shall promptly file proof of service. If a party who proposes to introduce an exhibit into evidence serves a copy of the offered exhibit on opposing counsel in accordance with this Order, the exhibit will be admitted without further authentication or foundation, unless a party choosing to object to the offered exhibit serves and files a written objection at least five (5) business days prior to the commencement of the trial or hearing. The written objection must state the grounds for the objection.

E.  Custody of Clerk

All exhibits which have been received into evidence shall remain in the custody of the clerk. Before judgment in the proceeding becomes final, exhibits may not be removed from the custody of the clerk without order of the court and the execution of a receipt.

6

F.      Withdrawal or Destruction after Final Judgment

Unless the court orders otherwise or an appeal is filed, when judgment is final and is no longer subject to an appeal, exhibits may be claimed and withdrawn by the offering party. Any exhibits not claimed and withdrawn within 60 days may be destroyed or otherwise disposed of by the clerk. The clerk shall give the attorneys of record 10 days notice of the clerk's intent to dispose of the exhibits.

G.      Record of Withdrawal or Destruction

The clerk shall obtain and file a receipt specifying exhibits withdrawn from the clerk's custody. The clerk shall prepare and file a statement identifying all exhibits destroyed or otherwise disposed of, the date of the clerk's action and the date notice of intent to act was served on the attorneys of record.

## XV.   PRETRIAL STATEMENT

After the completion of discovery, counsel for all parties are ordered to confer and together prepare a joint document captioned "PRETRIAL STATEMENT." The joint Pretrial Statement must be filed in CM/ECF within 30 days after the deadline set herein for the completion of discovery. If the Pretrial Statement is not timely filed, the court may dismiss the complaint and any counterclaims, cross claims or third party actions without further notice or hearing.

The Pretrial Statement shall contain the following information:

FOR PLAINTIFF(S)

1.  A brief statement of the theory of each claim for relief.

2.  A brief summary of the plaintiff's contentions of facts in support of each claim and the evidence to be relied upon to establish each of the facts contended.

FOR DEFENDANT(S)

1.  A brief statement of the defense(s) including the theory for each defense.

2.  A brief summary of the defendant's contentions of facts in support of the defense(s), and the evidence to be relied upon to establish each of the facts contended.

FOR INTERVENOR(S), THIRD-PARTY PLAINTIFF(S) or DEFENDANT(S), ETC.

1.  A brief statement of your theory of interest, cause(s) of action, defense(s), etc.

2.  A brief summary of facts in support of your legal theories and the evidence to

be relied upon to establish each of those facts.

<u>FOR ALL PARTIES</u>

In addition, the Pretrial Statment is to include the following:

1. A joint statement of all admitted or uncontested facts.

2. Each party's brief statement of contested facts.

3. Each party's statement of contested legal issues.

4. Each party shall identify by name and address each witness he expects to call at trial in support of his claim or defense.

5. The designation of those witnesses whose testimony is expected to be presented by means of deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(ii).

6. If expert witnesses are expected to testify, the party offering the witnesses shall describe the general area of the witness' expertise and the purpose of the witness' testimony.

7. Counsel's estimate of the time necessary for trial.

8. Any unanimous request by counsel that the venue of the trial be changed to a different location in the District, accompanied by a statement giving reasons in support of the request.

9. In the Pretrial Statement, counsel shall certify that at or prior to the conference, they made a good faith effort to resolve the Adversary proceeding without the necessity of trial, and were unable to do so.

All of the above are to be incorporated in one document which is to be signed by all attorneys prior to filing. Failure to comply with this order may result in dismissal of the action, default, the assessment of costs and attorneys' fees or other appropriate penalties. If any party to this action is unable to achieve cooperation from opposing parties to facilitate compliance with this order, then that party shall comply with this order by submitting a pretrial statement incorporating all requested information, and shall further detail the efforts to obtain compliance with this order by opposing parties. Imposition of sanctions for failure to cooperate shall then be taken up at a final pretrial conference.

10. At least seven business days prior to the date of trial, the attorney for each party shall submit to the presiding judge a photocopy of any pleading and amended pleading filed by the attorney in the case. Pleading is defined in Fed. R. Bankr. P. 7007(a). At the same time, each attorney shall submit to the presiding judge

a photocopy of each exhibit and the party's exhibit list. Parties shall also submit copies of designated portions of any deposition intended to be offered as evidence.

11. The parties shall describe any special needs required by a party or witness during the trial. Such needs may include any need for an interpreter.

The court does not have the authority to provide foreign language interpreters, unless the United States initiates the proceeding. The court can provide a sign language interpreter. If a foreign language interpreter is necessary, the parties must discuss the need and retention of an interpreter, and must inform the court regarding the responsibility of the interpreter. Prior to trial, the person retaining the foreign language interpreter must file the interpreter's credentials with the court.

Ordered:
May 8, 2026

Thad J. Collins
Chief Bankruptcy Judge