## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: Michael J. Prier, | ) | Case No. 25-01418 |
| Debtor, | ) | (Chapter 7) |
| Viner Law Firm, | ) | Adv. Proc. No. 26-09013 |
| Plaintiff, | ) | Order Granting Plaintiff's |
| Michael J. Prier, | ) | Motion for Summary Judgment and |
| Defendant. | ) | Determining Nondischargeability of Debt |

This matter came before the Court on Plaintiff Viner Law Firm's Motion for Summary Judgment (the "Motion"). The Court has considered the Motion, the Statement of Undisputed Material Facts, the Memorandum in Support, the pleadings on file, and the evidentiary record, including: (i) the Iowa District Court for Johnson County's Order Finding Defendant in Contempt of Court dated November 2, 2025 (the "Contempt Order"); and (ii) the Iowa District Court's Order Assessing Attorney's Fees dated December 22, 2025 (the "Fee Order"). Being fully advised in the premises, the Court finds and concludes as follows:

I.    Findings

1.    Jurisdiction and core status. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue and jurisdiction are proper.

2.    Undisputed record establishing the debt. The Fee Order directs Defendant to pay Respondent's reasonable attorney's fees "in the amount of $7,225.50," payable "directly to Respondent's counsel of record within 30 days of the filing of this Order."

3.    Nature and connection of the debt to domestic relations and custody proceedings. The Fee Order was entered "consistent with" the Contempt Order in the

parties' dissolution and custody proceeding, and fixes the attorney's fee obligation awarded as part of the contempt sanctions in that proceeding. The Contempt Order, entered after a contested evidentiary hearing in the dissolution case, punished Defendant's contempt and expressly awarded "Tracie's reasonable and necessary attorney's fees related to this contempt matter," limited to the contempt proceedings and with a process for affidavit, objection, and hearing.

4. <u>Willful misconduct established by the state court</u>. The Contempt Order states that "[t]he polestar in a contempt matter is always willfulness," that contempt requires proof "beyond a reasonable doubt," and defines the required willfulness as "conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty." The court found "Michael is found to be in contempt of court," imposed a 30-day jail sentence with purge conditions, and awarded Tracie's attorney's fees "related to the contempt proceedings, but those proceedings only," and "as additional punishment" ordered payment of Tracie's "reasonable and necessary attorney's fees related to this contempt matter."

5. <u>Actual litigation, necessity, and opportunity to be heard</u>. The Contempt Order followed a contested evidentiary hearing at which both parties appeared with counsel, and the findings of willfulness and the award of attorney's fees were material and essential to the contempt judgment.

6. <u>No genuine dispute as to material facts</u>. The foregoing matters are established by the Contempt Order and the Fee Order and are not genuinely disputed.

These facts establish the existence, amount, and nature of the debt, its connection to domestic-relations custody enforcement, and the willful nature of the misconduct giving rise to the fee award.

II.   Conclusions of Law

7.   <u>Summary judgment standard</u>. Under Fed. R. Civ. P. 56, incorporated by Fed. R. Bankr. P. 7056, Plaintiff has shown that there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law based on the established state-court orders and the undisputed record.

8.   <u>Nondischargeability under 11 U.S.C. § 523(a)(15)</u>. Section 523(a)(15) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor... incurred... in connection with a... divorce decree or other order of a court of record." The Fee Order fixes a fee award arising from and connected to the parties' dissolution and custody proceedings and entered consistent with the Contempt Order in that case. The debt in the amount of $7,225.50 is therefore excepted from discharge under § 523(a)(15).

9.   <u>Nondischargeability under 11 U.S.C. § 523(a)(6)</u>. Section 523(a)(6) excepts from discharge debts "for willful and malicious injury." The Contempt Order's willfulness standard is at least as stringent as the bankruptcy standard and was applied after a contested hearing, resulting in a finding of contempt and an award of attorney's fees "related to this contempt matter." Under principles of issue preclusion/collateral estoppel, the willful nature of Defendant's conduct and the causal nexus between that conduct and the fee award are established for purposes of

§ 523(a)(6). Accordingly, the fee debt is independently nondischargeable under § 523(a)(6).

10.   <u>Issue preclusion</u>. Applying Iowa preclusion principles, the elements are satisfied: (a) identity of issues—whether Defendant willfully violated court-ordered custody/communication obligations; (b) actual litigation—contested evidentiary hearing; (c) necessity—the willfulness determination was essential to the contempt judgment and fee award; (d) final decision—reduced to written orders; and (e) full and fair opportunity—Defendant appeared with counsel. The Contempt Order thus precludes relitigation of willfulness for § 523(a)(6) purposes.

11.   <u>Amount of nondischargeable debt</u>. The amount of the nondischargeable debt established by the record is $7,225.50, as fixed in the Fee Order.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

A.   Plaintiff's Motion for Summary Judgment is GRANTED.

B.   The Court determines and declares that the attorney-fee obligation fixed by the Iowa District Court's Order Assessing Attorney's Fees dated December 22, 2025, in the amount of $7,225.50, payable to Respondent's counsel, is a debt excepted from discharge under 11 U.S.C. § 523(a)(15).

C.   Independently and in the alternative, the Court determines and declares that the same debt is excepted from discharge under 11 U.S.C. § 523(a)(6) based on issue preclusion arising from the Iowa District Court's Contempt Order.

D.   Judgment shall be entered in favor of Plaintiff Viner Law Firm and against Defendant Michael J. Prier determining that the debt in the amount of

$7,225.50 is NONDISCHARGEABLE pursuant to 11 U.S.C. §§ 523(a)(15) and 523(a)(6).

E.   The Court retains jurisdiction to enforce this Order and the accompanying judgment.

SO ORDERED.

Dated: _____

---

Hon. Thad Collins, United States
Bankruptcy Judge


Submitted by:

AEGIS Law,

# Eric J Langston

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
          Frontenac, MO 63131
Physical: 222 Third Ave. SE
          Suite 501, Office 6
          Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
          *Attorney for Plaintiff*