## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: Michael J. Prier, | ) | Case No. 25-01418 |
| Debtor, | ) | (Chapter 7) |
| Viner Law Firm, | ) | Adv. Proc. No. 26-09013 |
| Plaintiff, | ) | |
| Michael J. Prier, | ) | Memorandum in Support of |
| Defendant. | ) | Motion for Summary Judgment |

COMES NOW the Viner Law Firm (the "Plaintiff"), who files this Memorandum in Support of Motion for Summary Judgment against Michael J. Prier (the "Defendant") and in support thereof states as follows:

## I.     Introduction

1.     This adversary proceeding presents a narrow question: whether a fee award imposed as punishment for willful contempt of child-custody and parenting orders in the parties' dissolution case is dischargeable. It is not. The state court found willful misconduct after a contested evidentiary hearing, imposed contempt sanctions, and expressly awarded the former wife her reasonable and necessary attorney's fees tied to that contempt. The court then assessed and fixed the amount at $7,225.50, payable to her counsel. On this record, the fee debt is nondischargeable as a matter of law under § 523(a)(15) and, independently, under § 523(a)(6). In the alternative, controlling Eighth Circuit precedent supports nondischargeability under § 523(a)(5) when custody-related fees are in the nature of support. Summary judgment should be granted.

## II.   Procedural history

2.      Nov. 2, 2025: The Iowa District Court entered the Contempt Order after a contested hearing, finding willful contempt of parenting/communication orders, imposing sanctions, and awarding fees related to the contempt.

3.      Dec. 22, 2025: The Iowa District Court entered the Fee Order assessing $7,225.50, payable to former wife's counsel.

4.      Apr. 3, 2026: The Bankruptcy Court granted limited stay relief to permit enforcement of the Contempt Order and determination of the fee amount, reserving dischargeability for this Court.

5.      Mar. 4, 2026: Plaintiff filed this adversary proceeding seeking a nondischargeability determination.

6.      Relevant facts The contempt ruling sets out Iowa's willfulness standard—proof beyond a reasonable doubt of "conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty"—and finds Michael in contempt for violating custody/communication orders . As punishment, it orders a jail sentence with purge conditions and awards Tracie "reasonable and necessary attorney's fees related to this contempt matter," limited to "those proceedings only," with a procedure for affidavit and objections . The subsequent Fee Order sets the amount at $7,225.50 and directs payment to Tracie's counsel within 30 days.

7.      Summary judgment standard Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P.

7056. The nondischargeability burden is a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 286 (1991).

**III.   Argument**

**A.   The fee debt is nondischargeable under § 523(a)(15).**

8.      Statutory elements: Section 523(a)(15) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor" that is "not" a domestic support obligation and "is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." Post-BAPCPA, courts widely recognize that virtually all divorce/custody related obligations not qualifying as DSOs fall under § 523(a)(15).

9.      Application: The fee award was imposed inside the dissolution case to remedy willful noncompliance with custody/communication orders and was later liquidated by the Fee Order; it is "in connection with" those orders and that case. The amount and payee are fixed by the Fee Order ($7,225.50 to Respondent's counsel) . These undisputed facts satisfy § 523(a)(15) as a matter of law.

**B.   Independently, the fee debt is nondischargeable under § 523(a)(6).**

10.     Legal standard: Section 523(a)(6) excepts debts for "willful and malicious injury." Willfulness requires a deliberate or intentional injury, not merely a deliberate act that leads to injury. See Kawaauhau v. Geiger, 523 U.S. 57, 61–62 (1998). In the Eighth Circuit, "malicious" means conduct targeted at the creditor, at least in the sense that the conduct is certain or almost certain to cause harm. See Patch v. Patch, 526 F.3d 1176, 1180–81 (8th Cir. 2008).

3

11.    Issue preclusion: Nondischargeability actions apply issue preclusion where the prior tribunal actually and necessarily decided an issue, the decision is final, and the party had a full and fair opportunity to litigate, with state law governing the preclusive effect. Here, the contempt court found "willfulness" beyond a reasonable doubt and defined it as "conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty," then imposed punishment and awarded attorney's fees tied to the contempt . That standard is equal to or more demanding than the § 523(a)(6) standard, and the fee award is a direct consequence of the willful misconduct. The Contempt Order thus establishes the willful and malicious injury and the causation link between that injury and the fee debt .

12.    Attorney's fees follow the underlying nondischargeable injury: When a debt arising from willful and malicious conduct is excepted from discharge, attorney's fees awarded for addressing that conduct are nondischargeable as well. See, e.g., Miera v. Miera (In re Miera), 926 F.2d 741, 745 (8th Cir. 1991) (attorney's fees flowing from willful and malicious injury are nondischargeable because the "language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt").

C.    Alternatively, the fee debt is nondischargeable under § 523(a)(5) as "in the nature of support."

13.    The Eighth Circuit has long held that attorney's fees incurred in domestic-relations litigation involving custody and parenting can be "in the nature of support" and thus nondischargeable under § 523(a)(5), even when payable directly to

counsel. See Williams v. Williams, 703 F.2d 1055, 1057–58 (8th Cir. 1983); Kline v. Kline (In re Kline), 65 F.3d 749, 751–52 (8th Cir. 1995) (holding that that judgment against debtor for former wife's attorney fees in divorce action was nondischargeable maintenance, even though payable directly to attorney). The fee award here arose from enforcement of custody/communication obligations, a context closely tied to the support and best interests of the child. To the extent the Court deems the award "support," § 523(a)(5) provides an additional basis for nondischargeability.

D.    Issue preclusion elements are satisfied on this record.

14.    Under Iowa preclusion principles, issue preclusion applies when: (1) the issue is identical; (2) it was actually litigated; (3) it was material and essential to the judgment; (4) the prior decision is final; and (5) the party to be precluded had a full and fair opportunity to litigate. The contempt ruling followed a contested evidentiary hearing; it applies a beyond-a-reasonable-doubt standard on willfulness; it adjudicates that standard and imposes sanctions, including attorney's fees; and it specifically ties the fee award to the contempt. The subsequent fee order fixes the amount and payee . These undisputed facts satisfy each preclusion element. If needed, Plaintiff can supplement with a certified docket sheet reflecting the finality of the orders.

E.    No genuine dispute of material fact.

15.    The existence, nature, and amount of the debt are established by the Fee Order. The willful misconduct and its custody/parenting context are established by the Contempt Order. No triable fact dispute remains as to any element under

§ 523(a)(15) and § 523(a)(6); alternatively, § 523(a)(5). Plaintiff is entitled to judgment as a matter of law.

## IV.   Conclusion

16.   The Court should grant summary judgment and hold that the $7,225.50 fee debt is nondischargeable under 11 U.S.C. §§ 523(a)(15) or 523(a)(6), and in the alternative § 523(a)(5).

WHEREFORE the Plaintiff prays that the Court grant the Motion for Summary Judgment, determine that the $7,225.50 fee debt is nondischargeable under 11 U.S.C. §§ 523(a)(15) or 523(a)(6), and in the alternative § 523(a)(5), and provide for such other relief as is just, proper, and necessary under the circumstances.

Respectfully submitted,

AEGIS Law,

# Eric J Langston

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
            Frontenac, MO 63131
Physical: 222 Third Ave. SE
            Suite 501, Office 6
            Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Plaintiff*

**Certificate of Service**
I certify that I caused the foregoing to be filed with the CM/ECF on June 18, 2026, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.
Eric J Langston