UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| MICHAEL J. PRIER, | ) | Chapter 7 Bankruptcy |
| | ) | Case No. 25-01418 |
| *Debtor,* | ) | |
| | ) | |
| VINER LAW FIRM, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 26-09013 |
| | ) | |
| MICHAEL J. PRIER, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT'S RESISTANCE TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REQUEST FOR ORAL ARGUMENT**

COMES NOW Defendant Michael J. Prier, by counsel, and resists Plaintiff Viner Law

Firm's Motion for Summary Judgment. Defendant requests oral argument. In support of this

resistance, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff seeks summary judgment determining that a state-court attorney-fee award in the

amount of $7,225.50 is nondischargeable under 11 U.S.C. §§ 523(a)(15), 523(a)(6), and,

alternatively, 523(a)(5).

The Motion should be denied in whole or in part.

First, Plaintiff seeks relief under § 523(a)(5), but that claim was not pleaded. Plaintiff's

own Statement of Undisputed Facts states that this adversary proceeding was commenced

seeking nondischargeability under §§ 523(a)(15) and 523(a)(6). Plaintiff did not plead §

1

523(a)(5), did not amend the Complaint to add such a claim, and the deadline to amend pleadings has passed.

Second, Plaintiff's § 523(a)(6) theory depends on issue preclusion, but the record does not establish that the Iowa contempt court actually and necessarily decided the identical issue required under § 523(a)(6): whether the debt is "for willful and malicious injury" as that phrase is used in bankruptcy law. A finding of contempt under Iowa law is not automatically equivalent to a finding of willful and malicious injury under § 523(a)(6). Nor does Plaintiff's Statement of Undisputed Facts identify the specific injury, the target of any alleged malicious conduct, or the causal nexus between a bankruptcy-law willful and malicious injury and the attorney-fee debt.

Third, Plaintiff's § 523(a)(15) claim is the only claim that is at least facially within the Complaint, but Plaintiff still seeks an overbroad order containing unnecessary and unsupported findings under §§ 523(a)(5) and 523(a)(6). If the Court concludes that the debt is nondischargeable under § 523(a)(15), the judgment should be limited to that basis only.

## II. RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

1. Defendant admits that the parties' domestic-relations case is pending in the Iowa District Court for Johnson County, Case No. CDDM018646.

2. Defendant admits that following a contested evidentiary hearing, the Iowa District Court entered an order dated November 2, 2025, finding Defendant in contempt.

3. Defendant admits that the contempt order contains the quoted language regarding Iowa contempt law and the willfulness standard. Defendant denies that this quoted language establishes, as a matter of law, the identical issue required for nondischargeability under 11 U.S.C. § 523(a)(6).

4. Defendant admits that the contempt order found Defendant in contempt, imposed

a 30-day jail sentence subject to purge conditions, and ordered payment of attorney fees related to the contempt proceedings. Defendant denies that this establishes, as a matter of law, that the attorney-fee debt is for a willful and malicious injury under § 523(a)(6).

5. Defendant admits that the contempt order included language requiring payment of court costs and Tracie's reasonable and necessary attorney fees related to the contempt matter. Defendant denies that this establishes the elements of § 523(a)(6).

6. Defendant admits that on December 22, 2025, the Iowa District Court entered an Order Assessing Attorney Fees in the amount of $7,225.50, payable directly to Respondent's counsel of record within 30 days.

7. Defendant admits that the Bankruptcy Court entered an order granting limited relief from stay. Defendant denies that the stay-relief order establishes the elements of nondischargeability under §§ 523(a)(5), 523(a)(6), or 523(a)(15).

8. Defendant admits that Plaintiff commenced this adversary proceeding seeking a determination that the attorney-fee obligation is nondischargeable under §§ 523(a)(15) and 523(a)(6). Defendant affirmatively states that Plaintiff's own statement does not identify § 523(a)(5) as a pleaded claim.

## III. ADDITIONAL MATERIAL FACTS

1. Defendant filed his Chapter 7 bankruptcy petition on December 23, 2025.

2. The Iowa District Court fee order at issue was entered December 22, 2025, one day before the bankruptcy filing.

3. Plaintiff's Statement of Undisputed Facts states that this adversary proceeding was commenced under §§ 523(a)(15) and 523(a)(6), not § 523(a)(5).

4. The Scheduling Order set June 8, 2026 as the deadline for motions to amend

3

pleadings or amendment by agreement of the parties.

5.   Plaintiff filed its Motion for Summary Judgment on June 18, 2026, after the amendment deadline, and for the first time sought summary judgment alternatively under § 523(a)(5).

6.   Plaintiff's Statement of Undisputed Facts does not separately identify the specific act or acts that allegedly constitute a willful and malicious injury under § 523(a)(6).

7.   Plaintiff's Statement of Undisputed Facts does not separately identify the specific injury allegedly caused by Defendant for purposes of § 523(a)(6).

8.   Plaintiff's Statement of Undisputed Facts does not separately identify facts establishing that Defendant intended to cause injury, as opposed to intentionally violating or failing to comply with a court order.

9.   Plaintiff's Statement of Undisputed Facts does not separately identify facts establishing that Defendant's conduct was targeted at Plaintiff or at another creditor in the sense required for "malicious" injury under § 523(a)(6).

10. Plaintiff's Statement of Undisputed Facts does not establish that the Iowa District Court actually and necessarily decided the bankruptcy-law issue of willful and malicious injury under § 523(a)(6).

**IV. ARGUMENT**

**A. Summary judgment standard.**

Summary judgment is appropriate only when the movant establishes that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

As the moving party, Plaintiff bears the burden of identifying the legal basis for the relief requested and the undisputed facts that establish each element of each nondischargeability theory. Exceptions to discharge are generally construed narrowly in favor of the debtor.

**B. Plaintiff is not entitled to summary judgment under § 523(a)(5) because that claim was not pleaded.**

Plaintiff's Motion seeks, in the alternative, a determination that the fee award is nondischargeable under § 523(a)(5). That claim is not properly before the Court.

Plaintiff's own Statement of Undisputed Facts states that Plaintiff commenced this adversary proceeding seeking nondischargeability under §§ 523(a)(15) and 523(a)(6). It does not state that Plaintiff pleaded a claim under § 523(a)(5). The Scheduling Order set June 8, 2026 as the deadline to amend pleadings. Plaintiff did not amend the Complaint to add a § 523(a)(5) claim before that deadline.

A party may not obtain summary judgment on an unpleaded claim. Defendant was entitled to notice of the claims asserted and an opportunity to defend those claims. Plaintiff's request for summary judgment under § 523(a)(5) should therefore be denied.

Even if § 523(a)(5) had been pleaded, Plaintiff has not established the elements of that claim on the present record. Section 523(a)(5) applies to domestic support obligations. Plaintiff's Motion does not establish that the state-court fee award was intended to function as support. The fee order fixed an attorney-fee award arising from a contempt proceeding and directed payment to counsel. Plaintiff has not established, as a matter of undisputed fact, that the award was in the nature of alimony, maintenance, or support.

**C. Plaintiff is not entitled to summary judgment under § 523(a)(6).**

Plaintiff's § 523(a)(6) claim fails, or at least cannot be decided on the present summary-judgment record.

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The Supreme Court has held that § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. G*eiger v. Kawaauhau (In re Geiger)*, 523 U.S. 57, 61-62 (1998). In the Eighth Circuit, the willful and malicious injury standard requires proof of both a willful injury and a malicious injury. *See Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180-81 (8th Cir. 2008); *Porter v. Sells (In re Porter)*, 539 F.3d 889, 893-94 (8th Cir. 2008).

Plaintiff's Motion does not establish those elements. Plaintiff relies primarily on the state-court contempt order and argues that the Iowa contempt finding precludes relitigation of willfulness and malice. But the issue decided by the state court is not identical to the issue presented under § 523(a)(6).

The Iowa contempt order applied Iowa contempt law. The contempt standard quoted by Plaintiff includes conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty. That standard may support a finding of contempt. It does not necessarily establish the bankruptcy-law requirement that Defendant intended injury, or that his conduct was targeted at the creditor and certain or almost certain to cause harm.

Plaintiff's Statement of Undisputed Facts does not identify the specific injury for § 523(a)(6) purposes. It does not identify facts establishing that Defendant intended that injury. It does not identify facts establishing malice under Eighth Circuit law. It does not show that the state court actually and necessarily decided those bankruptcy-law issues.

6

Instead, Plaintiff asks the Court to infer from a contempt finding that the debt is automatically for willful and malicious injury. That is not sufficient under § 523(a)(6).

D. Issue preclusion does not establish § 523(a)(6) on this record.

Plaintiff's § 523(a)(6) argument depends on issue preclusion. Under Iowa law, issue preclusion requires, among other things, that the issue in the present case be identical to the issue decided in the prior proceeding, that the issue was actually litigated, that the determination was material and necessary to the prior judgment, that the prior decision was final, and that the party against whom preclusion is asserted had a full and fair opportunity to litigate.

The identical-issue requirement is not satisfied here. The contempt court decided whether Defendant was in contempt under Iowa law. It did not decide whether the attorney-fee debt was "for willful and malicious injury" under § 523(a)(6). Nor did it decide the bankruptcy-law meaning of "willful" and "malicious" as those terms are used in § 523(a)(6).

The necessity requirement is also not satisfied on the present record. The fee award appears to have been imposed as part of the contempt proceeding and as an attorney-fee sanction. Plaintiff has not established that any finding equivalent to § 523(a)(6) willful and malicious injury was necessary to the amount or existence of the fee award.

The present record therefore does not support summary judgment under § 523(a)(6).

E. Plaintiff's request for relief under § 523(a)(15) should be limited, and the proposed order is overbroad.

Defendant recognizes that § 523(a)(15) is broader than § 523(a)(5) and applies to certain divorce-related debts that are not domestic support obligations. Defendant does not concede that Plaintiff has established every element of § 523(a)(15) on the present record, particularly where the debt is payable directly to counsel rather than to a spouse, former spouse, or child.

At minimum, however, the Court should not enter Plaintiff's proposed order. The proposed order contains findings and conclusions under §§ 523(a)(5) and 523(a)(6) that are not necessary to any ruling under § 523(a)(15) and are not supported by the present summary-judgment record.

If the Court concludes that the attorney-fee debt is nondischargeable under § 523(a)(15), the order should be limited to that statutory basis only and should not include independent findings of willful and malicious injury under § 523(a)(6) or support under § 523(a)(5).

F. Plaintiff's summary-judgment materials do not establish all facts necessary for the relief requested.

Plaintiff's Statement of Undisputed Facts is skeletal. It establishes the existence of a contempt order and a fee order, but it does not establish the additional facts necessary for the broader relief requested.

In particular, it does not establish:

1. that § 523(a)(5) was pleaded;

2. that the attorney-fee award was intended to function as support;

3. that Defendant intended to injure Tracie, Plaintiff, or any other entity;

4. that Defendant's conduct was malicious under Eighth Circuit § 523(a)(6) standards;

5. that the Iowa District Court actually and necessarily decided the identical bankruptcy-law issues required for § 523(a)(6); or

6. that the proposed order's broader findings are necessary or appropriate.

Because Plaintiff has not established entitlement to judgment as a matter of law under §§ 523(a)(5) or 523(a)(6), summary judgment should be denied as to those claims. If the Court determines that § 523(a)(15) applies, judgment should be limited to § 523(a)(15) only.

**V. CONCLUSION**

WHEREFORE, Defendant respectfully requests that the Court:

1.  deny Plaintiff's Motion for Summary Judgment under 11 U.S.C. § 523(a)(5);

2.  deny Plaintiff's Motion for Summary Judgment under 11 U.S.C. § 523(a)(6);

3.  deny Plaintiff's proposed order as overbroad;

4.  if the Court grants any relief under 11 U.S.C. § 523(a)(15), limit the order and judgment to § 523(a)(15) only and make no findings under §§ 523(a)(5) or 523(a)(6);

5.  grant Defendant oral argument; and

6.  grant such other and further relief as is just.


                                        Respectfully submitted,



Dated: July 9, 2026                     /s/ Steven G. Klesner
                                        Steven G. Klesner  000013024
                                        FITZGERALD, KLESNER &
                                        PAVELICH, PLC
                                        373 Scott Court, Ste B, PO Box 3400
                                        Iowa City, IA 52244
                                        steve@iclawfirm.com
                                        (319)338-9852 Telephone
                                        (319)354-7265 Facsimile
                                        ATTORNEY FOR DEBTOR/DEFENDANT
                                        MICHAEL J. PRIER

CERTIFICATE OF SERVICE

The office of Fitzgerald, Klesner, & Pavelich, P.L.C., attorneys for the Debtors, hereby certifies that a copy of the foregoing document has this day been served upon the persons indicated below, by electronic noticing from the Bankruptcy Court or by envelope addressed to the same at the addresses shown below with postage fully paid and by depositing said envelope in a United States Postal Service depository at Iowa City, Iowa, this 9th day of July, 2026.


/s/ Dawn M. Krabill

**Service List**

Eric J. Langston
222 Third Ave SE
Suite 501, Office 6
Cedar Rapids, IA 52401
Attorney for Plaintiff