**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: Michael J. Prier, | ) | Case No. 25-01418 |
| Debtor, | ) | (Chapter 7) |
| Viner Law Firm, | ) | Adv. Proc. No. 26-09013 |
| Plaintiff, | ) | Reply in Support of |
| Michael J. Prier, | ) | Motion for |
| Defendant. | ) | Summary Judgment |

COMES NOW the Viner Law Firm (the "Plaintiff"), who files this Reply (this "Reply") in Support of its Motion for Summary Judgment (the "Motion") against Michael J. Prier (the "Defendant") and in support thereof states as follows:

I.     Introduction.

1.     This adversary proceeding turns entirely on questions of law. Defendant admits every fact on which Plaintiff's claims depend—the entry of the Contempt Order, the entry of the Fee Order, the $7,225.50 amount of the debt, and the domestic-relations context in which the debt arose—and he identifies no contrary evidence. The Resistance advances only legal arguments about the effect of those undisputed facts, and legal arguments do not create a genuine dispute of material fact. Plaintiff is therefore entitled to summary judgment.

II.     Standard of Review.

2.     Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056. The Court shall grant summary judgment where the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The mere existence of an alleged factual dispute will not defeat an otherwise properly supported motion;

the requirement is that there be no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48 (1986). A legal disagreement about the consequences of undisputed facts presents no genuine issue for trial and does not preclude summary judgment.

3.   At the threshold, Defendant's central argument—that the debt is dischargeable because it is payable to his former spouse's counsel rather than to the former spouse herself—cannot change the result in this Chapter 7 case. A domestic-relations debt of this kind is excepted from discharge under both 11 U.S.C. § 523(a)(5) and § 523(a)(15), and in a Chapter 7 case both exceptions apply with full force. Whether the debt is characterized as a support obligation under § 523(a)(5) or as a debt incurred in the course of the parties' dissolution under § 523(a)(15), it is nondischargeable. Defendant's argument about the identity of the payee therefore raises a distinction without a difference.

III.   Defendant Identifies No Genuine Dispute of Material Fact Regarding Plaintiff's Claim Under § 523(a)(15).

4.   Defendant's Resistance (the "<u>Resistance</u>") does not identify a single disputed fact material to Plaintiff's claim under 11 U.S.C. § 523(a)(15). To the contrary, the Resistance concedes every fact on which that claim depends.

5.   Defendant admits each of the following. First, the Iowa District Court for Linn County (the "<u>State Court</u>") entered a Contempt Order against Defendant following a contested evidentiary hearing. Second, in that proceeding the State Court ordered Defendant to pay the attorney fees his former spouse incurred in prosecuting the contempt action. Third, the State Court thereafter entered its December 22, 2025

Order Assessing Attorney Fees, fixing the amount of those fees at $7,225.50. Fourth, the debt arose in the parties' domestic-relations litigation.

6.      Defendant offers no evidence contradicting any of these facts. He does not dispute the debt's origin, its nature, or its amount. The only question that remains is a legal one.

7.      Defendant's principal argument is that the debt is dischargeable because it is payable directly to his former spouse's counsel rather than to the former spouse herself. That argument fails for two reasons. First, it raises no factual dispute; the identity of the payee is undisputed. Second, and more importantly, it is foreclosed by controlling Eighth Circuit authority, which holds that the dischargeability of a domestic-relations obligation turns on the function the obligation serves, not on who receives the payment.

8.      The Eighth Circuit established this principle in Williams v. Williams (In re Williams), 703 F.2d 1055 (8th Cir. 1983). There, the court rejected any formalistic focus on the identity of the payee and held that a bankruptcy court must examine the substance and function of a domestic-relations obligation, not the label attached to it or the person to whom payment is directed. The court held that a debt payable to a third party may nonetheless constitute a support obligation, explaining that "the crucial issue is the function the award was intended to serve." Id. at 1057. Applying that test, the court held that an obligation requiring the debtor to pay his former spouse's attorney fees was nondischargeable. Id. at 1057–58.

9.      The Eighth Circuit reaffirmed and applied that principle in <u>Holliday v.</u> <u>Kline</u> (<u>In re Kline</u>), 65 F.3d 749 (8th Cir. 1995). The debtor in Kline made the same argument Defendant makes here: that an attorney-fee award arising from domestic-relations litigation was dischargeable because it was payable directly to the attorney rather than to the former spouse. <u>Id.</u> at 751–52. The court squarely rejected that argument. It held that dischargeability does not turn on whether payment is directed to counsel or to the former spouse, because drawing that distinction would elevate form over substance. <u>Id.</u> Accordingly, the court held the fee award nondischargeable notwithstanding that it was payable to the attorney. <u>Id.</u>

10.     The bankruptcy court applied these principles after the 2005 amendments to the Bankruptcy Code in <u>In re Burnes</u>, 405 B.R. 654 (Bankr. W.D. Mo. 2009). The court held that <u>Kline</u> remained controlling authority following BAPCPA and that a domestic-relations obligation does not become dischargeable merely because payment is directed to a third party. <u>Id.</u> at 658–59. The court found no meaningful distinction between an obligation payable directly to a former spouse and one payable to a third party who performs a domestic-relations function. <u>Id.</u>

11.     The same reasoning forecloses Defendant's payee argument under § 523(a)(15). Although Williams and Kline arose in the support context of § 523(a)(5), their rejection of a formalistic focus on the identity of the payee applies with at least equal force here. Section 523(a)(15) turns on whether the debt was incurred in connection with a separation agreement, divorce decree, or other order of a court of record—not on whether payment happens to run to the former spouse or to her

9

counsel. Elevating the identity of the payee over the domestic-relations function of the debt would reintroduce precisely the form-over-substance approach the Eighth Circuit has repeatedly rejected.

12. Those authorities control this case. The undisputed record establishes that the debt arose directly from a contempt proceeding in the parties' dissolution case and was awarded to compensate the former spouse for the attorney fees she incurred enforcing custody and parenting-related orders. The debt therefore serves a domestic-relations function, and under Williams, Kline, and Burnes its dischargeability does not depend on the fact that the State Court directed payment to counsel.

13. Defendant cites no authority holding that a debt of this kind becomes dischargeable simply because payment runs to counsel, and he identifies no disputed fact concerning the debt's domestic-relations origin. Plaintiff is therefore entitled to judgment as a matter of law under § 523(a)(15).

IV. The Resistance Fails to Establish a Genuine Dispute of Material Fact Regarding Plaintiff's Alternative Claim Under § 523(a)(6).

14. Defendant argues that a finding of contempt under Iowa law does not, by itself, establish a willful and malicious injury under § 523(a)(6). Plaintiff agrees that contempt and willful-and-malicious injury are not automatically interchangeable. But Plaintiff's Motion does not rest on the mere label of "contempt." It rests on the specific findings the State Court actually made after a contested hearing.

9

15. To hold Defendant in contempt, the State Court was required to find, beyond a reasonable doubt, conduct that was "intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty." Pl. Statement of Material Facts ¶ 3, ECF No. 8-3; Def. Resistance II(3). The State Court found that standard satisfied following a contested evidentiary hearing, and it imposed sanctions, including the attorney-fee award at issue in this adversary proceeding.

16. The governing standard confirms that these findings suffice. Under § 523(a)(6), a debt is nondischargeable where it arises from a deliberate or intentional injury—not merely a deliberate or intentional act that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61–62 (1998). The State Court's findings satisfy that standard: it found, beyond a reasonable doubt, that Defendant's conduct was intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others. That is a finding that Defendant acted with intent to cause the very injury—forcing the former spouse to enforce the custody and parenting-related orders through a contempt proceeding—for which the fee award compensates. The findings therefore establish both the willful and the malicious elements of § 523(a)(6).

17. Defendant does not dispute that the State Court made these findings. He disputes only their legal effect, arguing that they do not satisfy § 523(a)(6). That is not a factual dispute. The findings are in the record and are undisputed. Whether those findings meet the standard for willful and malicious injury under § 523(a)(6) is a legal question for this Court to decide, and it does not preclude summary judgment.

9

18.    Causation is likewise undisputed. The attorney-fee debt did not arise independently of Defendant's conduct. The State Court awarded the fees precisely because Defendant's conduct forced the former spouse to bring the contempt proceeding. The debt therefore flows directly from the very conduct the State Court adjudicated to be intentional, deliberate, and in disregard of the rights of others.

19.    The Resistance repeatedly contends that Plaintiff failed to separately identify injury, intent to injure, malice, or causation in its Statement of Undisputed Facts. That contention misapprehends the summary-judgment standard. Summary judgment is decided on the entire record, including the State-Court orders that form the basis of Plaintiff's claim. Those orders supply each of the elements Defendant says are missing. Defendant, by contrast, identifies no contrary evidence and offers no competing version of events. At most, the Resistance advances a legal disagreement about the consequences of the State Court's findings, and a legal disagreement does not create a genuine issue of material fact.

V.    Defendant's Procedural Objection Concerning § 523(a)(5) Does Not Defeat Summary Judgment.

20.    Defendant argues that Plaintiff did not expressly plead a claim under § 523(a)(5) and therefore cannot obtain summary judgment on that theory. This objection does not defeat the Motion. Even if the Court were to accept Defendant's procedural position on § 523(a)(5), Plaintiff would still be entitled to summary judgment on its other claims.

21.    Plaintiff expressly pleaded claims under §§ 523(a)(15) and § 523(a)(6). Those claims are squarely before the Court and each independently supports the

9

relief Plaintiff seeks. As a result, even if the Court declines to reach § 523(a)(5), summary judgment remains appropriate so long as the debt is nondischargeable under either pleaded theory.

22.     In any event, Defendant's substantive treatment of § 523(a)(5) ignores the same controlling Eighth Circuit authority discussed above. <u>Williams</u> recognized that an obligation to pay a former spouse's attorney fees may constitute a support obligation for bankruptcy purposes. 703 F.2d at 1057–58. <u>Kline</u> held that such an obligation may remain nondischargeable even when payment is directed to counsel rather than to the former spouse. 65 F.3d at 751–52. Defendant's argument about the identity of the payee therefore provides no basis for denying relief under § 523(a)(5), should the Court reach that issue.

VI.    Conclusion.

23.     The material facts are undisputed. Defendant admits the entry of the Contempt Order, the entry of the Fee Order, the $7,225.50 amount of the debt, and the domestic-relations context in which the debt arose. The Resistance raises only legal arguments; it identifies no genuine dispute of material fact.

24.     On that undisputed record, Defendant's obligation to pay $7,225.50 in attorney fees was incurred in connection with orders entered in the parties' dissolution and custody proceeding and is nondischargeable under 11 U.S.C. § 523(a)(15). The same record independently supports nondischargeability under § 523(a)(6). Plaintiff is therefore entitled to summary judgment as a matter of law.

*[Remainder of Page Intentionally Left Blank;*
*Prayer for Relief, Date, Signature, and Certificate of Service Follow]*

WHEREFORE the Plaintiff prays that the Court:  (I) grant the Motion for Summary Judgment; (II) determine that the $7,225.50 debt is nondischargeable under 11 U.S.C. §§ 523(a)(15) or 523(a)(6), and alternatively under § 523(a)(5); and (III) provide for such other relief as is just, proper, and necessary under the circumstances.

Date: July 16, 2026.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
          Frontenac, MO 63131
Physical: 222 Third Ave. SE
          Suite 501, Office 6
          Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
          *Attorney for Plaintiff*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with the CM/ECF on July 16, 2026, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*

---

9