# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 7 |
| | Bankruptcy No. 25-01418 |
| MICHAEL J. PRIER, | Adversary No. 26-09013 |
|     Debtor. | |
| | |
| VINER LAW FIRM, PC, | |
|     Plaintiff, | |
| | |
| v. | |
| | |
| MICHAEL J. PRIER, | |
|     Defendant. | |

## DEFENDANT'S SURREPLY BRIEF IN FURTHER RESISTANCE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Michael J. Prier, by counsel, and submits this Surreply Brief in further resistance to Plaintiff Viner Law Firm, PC's Motion for Summary Judgment.

## I. INTRODUCTION

Plaintiff seeks summary judgment determining that a state-court attorney-fee award is nondischargeable under 11 U.S.C. §§ 523(a)(15), 523(a)(6), and, alternatively, § 523(a)(5). The Court should deny the Motion.

1

Defendant does not, by this brief, concede any element of Plaintiff's claims. For purposes of the legal issues presently before the Court, Defendant does not ask this Court to retry the state-court contempt proceeding or to ignore what the state-court orders say. The dispute is legal: whether those documents establish, as a matter of law, that the debt owed to Plaintiff Viner Law Firm is excepted from discharge under one or more of the Bankruptcy Code provisions Plaintiff invokes.

They do not.

First, § 523(a)(15) does not apply merely because a debt has some connection to a domestic-relations case. The statute excepts from discharge a debt "to a spouse, former spouse, or child of the debtor" that is not a domestic support obligation and that was incurred in the course of a divorce or separation or in connection with a divorce decree, separation agreement, or other court order. The payee language matters. Plaintiff is not a spouse, former spouse, or child. Plaintiff is the law firm. The Fee Order directs payment directly to Respondent's counsel of record. Plaintiff has not established that this law-firm debt is a debt "to a spouse, former spouse, or child" within the meaning of § 523(a)(15).

Second, Plaintiff's reliance on *Williams* and *Kline* does not solve the problem. Those are § 523(a)(5) support-function cases. They stand for the proposition that an attorney-fee award can be nondischargeable as support if the award is in the nature of maintenance or support, even if payable directly to counsel. They do not hold that § 523(a)(15)'s separate payee requirement may be disregarded when a law firm sues in its own name on a fee order payable directly to counsel.

Third, § 523(a)(5) was not pleaded. Plaintiff cannot add a new nondischargeability claim by summary-judgment motion or reply brief after the amendment deadline. In any event, Plaintiff has not established that the fee award

2

was intended to function as alimony, maintenance, or support. The state court characterized the award as contempt-related attorney fees and additional punishment, not support.

Fourth, § 523(a)(6) is not established. Iowa contempt willfulness is not identical to bankruptcy-law willful and malicious injury. The state court found contempt for failure to facilitate visitation and communication. It did not decide that the attorney-fee debt was "for willful and malicious injury" within the meaning of § 523(a)(6). Nor has Plaintiff established the identity-of-issues, necessity, finality, and causal-nexus requirements necessary for issue preclusion.

Summary judgment should be denied.

## II. RELEVANT RECORD

For purposes of the issues now before the Court, the relevant state-court materials establish the following.

The November 2, 2025 state-court ruling arose from a contempt proceeding in the parties' domestic-relations case. The court found Michael in contempt for failing to facilitate Tracie's visitation and communication with H.D.P. The state court imposed a 30-day jail sentence subject to purge conditions. The state court also ordered, as additional punishment, that Michael pay court costs and Tracie's reasonable and necessary attorney fees related to the contempt matter. Doc. 14-1 at 10, 14; see also Doc. 8-3, ¶¶ 4-5.

The fee issue was later liquidated by the state court. Plaintiff's supplemental appendix establishes the resulting order, but it does not include any assignment, affidavit from Tracie, hold-harmless provision, or other evidence showing that Plaintiff is suing merely as Tracie's collection agent rather than on a debt payable directly to counsel.

3

The state court later entered its December 22, 2025 Order Assessing Attorney's Fees. That order provides: "Consistent with the Court's November 2, 2025, Order finding Petitioner to be in contempt of court, he is now ordered to pay Respondent's reasonable attorney's fees in the amount of $7,225.50. Payment of the same shall be made directly to Respondent's counsel of record within 30 days of the filing of this Order." Doc. 14-2 at 1.

Thus, the record does not show a judgment payable to Tracie. It shows an order directing payment directly to counsel. The plaintiff here is not Tracie. The plaintiff is Viner Law Firm.

### III. SUMMARY-JUDGMENT STANDARD

Summary judgment is proper only if the movant establishes that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, incorporated by Fed. R. Bankr. P. 7056.

Plaintiff bears the burden of establishing every element of the nondischargeability claims asserted. Exceptions to discharge are construed narrowly against the creditor and liberally in favor of the debtor. *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993). The burden is not met by characterizing all domestic-relations attorney-fee awards as nondischargeable. The statutory text and the specific legal elements matter.

### IV. SECTION 523(a)(15) DOES NOT APPLY TO A DEBT OWED DIRECTLY TO PLAINTIFF LAW FIRM

**A. The statutory text controls.**

Section 523(a)(15) provides that a Chapter 7 discharge does not discharge an individual debtor from any debt:

4

"to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit."

The statute has more than one requirement. The debt must be:

"to a spouse, former spouse, or child of the debtor";

not a domestic support obligation under § 523(a)(5); and

incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, other court order, or qualifying governmental determination.

Plaintiff focuses almost entirely on the third requirement. But the first requirement is not surplusage. Congress did not say that every debt arising from or connected with a domestic-relations case is nondischargeable. Congress said the debt must be "to a spouse, former spouse, or child."

A court should not read that phrase out of the statute. See *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (courts should give effect, if possible, to every clause and word of a statute). When the statutory language is plain, the court's function is to enforce it according to its terms. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000); *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).

Here, the debt is not payable to Tracie. The Fee Order directs payment directly to Respondent's counsel of record. Plaintiff Viner Law Firm is the party

prosecuting this adversary proceeding. Plaintiff is not within the class Congress listed.

**B. The plain-language cases support Defendant's position.**

The best-reasoned cases apply the statute as written.

In *Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C. v. Brooks (In re Brooks)*, 371 B.R. 761 (Bankr. N.D. Tex. 2007), a law firm that represented the debtor's former spouse filed an adversary complaint seeking to except attorney fees from discharge under § 523(a)(5) and § 523(a)(15). The bankruptcy court dismissed the complaint. Applying the plain meaning of the statute, the court held that the law firm was not an entity to which a nondischargeable domestic-relations debt may be owed. Id. at 768.

The *Brooks* court concluded: "A law firm may not assert a claim for non-dischargeable attorneys' fees as either a 'domestic support obligation' under section 523(a)(5), or a divorce-related debt under section 523(a)(15). Because the Firm is not an entity listed in section 523(a)(5) or (15), this adversary proceeding must be dismissed." Id.

*Brooks* is directly applicable to the issue now before the Court. Plaintiff is the law firm. Plaintiff is suing in its own name. The Fee Order directs payment to counsel. Plaintiff is not a spouse, former spouse, or child.

Other decisions recognize the same statutory problem, although not all resolve it the same way. See In re Symdon, No. 13-14692, 2014 WL 4966680, at *4 (Bankr. W.D. Wis. Oct. 3, 2014), vacated and remanded, Balisle & Roberson, S.C. v. Symdon, No. 14-cv-832-wmc, 2016 WL 2731687 (W.D. Wis. May 9, 2016). Although the district court in Balisle adopted the majority view in the §507 priority context, it still recognized that the identity of the claimant and the legal

6

mechanism by which the law firm asserts the spouse's claim matter. Id. at *5. Plaintiff has made no showing here that it sues by assignment from Tracie, as Tracie's collection agent, or through any other mechanism that makes this law-firm claim a debt "to a spouse, former spouse, or child" under §523(a)(15).

The later district-court decision in *Symdon* confirms rather than eliminates the point relevant here: even courts inclined to protect domestic attorney-fee obligations require a cognizable showing that the law firm owns or may pursue the spouse's claim, such as through assignment or some other cognizable legal mechanism. *Balisle & Roberson, S.C. v. Symdon*, 2016 WL 2731687, at *5. Plaintiff has made no such showing here.

Plaintiff may cite cases taking a broader view. But those cases do not control this Court, and many of them do not meaningfully grapple with the statutory payee language of § 523(a)(15). A broad policy preference against discharge of divorce-related obligations cannot override the words Congress used.

### C. Williams and Kline do not control the § 523(a)(15) payee issue.

Plaintiff relies heavily on *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir. 1983), and *Holliday v. Kline (In re Kline)*, 65 F.3d 749 (8th Cir. 1995). Those cases are important, but they do not decide this issue.

*Williams* and *Kline* are § 523(a)(5) support-function cases. They address whether attorney-fee awards in domestic-relations cases can be treated as support. *Williams* held that the crucial question in determining whether an obligation is support is the function the award was intended to serve. *Williams*, 703 F.2d at 1057. *Kline* held that attorney fees that are in the nature of maintenance or support may be nondischargeable under § 523(a)(5) even if payable directly to the attorney. *Kline*, 65 F.3d at 751-52.

7

That is not the same question presented here.

The question here is whether § 523(a)(15), which applies to a debt "to a spouse, former spouse, or child," applies when the plaintiff is the law firm and the debt is payable directly to the law firm. *Williams* and *Kline* do not answer that question. They predate BAPCPA's current statutory framework and arise under the support exception, not the non-support divorce-debt exception.

The distinction matters because § 523(a)(5) and § 523(a)(15) serve different functions. Section 523(a)(5) addresses domestic support obligations. A support-function inquiry makes sense there because the statutory issue is whether the obligation is support. Section 523(a)(15), by contrast, applies only to debts not of the kind described in § 523(a)(5), and it separately requires that the debt be "to a spouse, former spouse, or child."

Plaintiff asks the Court to import *Williams* and *Kline*'s support-function reasoning into § 523(a)(15) and thereby erase the payee language Congress included in that subsection. The Court should decline to do so.

### D. Plaintiff has not shown that the debt is "to" Tracie.

Even if the Court were inclined to consider a substance-over-form approach, Plaintiff has not established the necessary record.

There is no affidavit from Tracie. There is no assignment. There is no hold-harmless provision in favor of Tracie. There is no evidence that Tracie is liable to Plaintiff for the exact amount at issue if the debt is discharged. There is no evidence that Plaintiff is suing merely as Tracie's collection agent. There is no state-court judgment in favor of Tracie that was assigned to Plaintiff.

The record instead shows that Plaintiff requested an order requiring payment to counsel and that the state court ordered payment directly to counsel. Plaintiff

8

now sues in its own name. That is a debt to the law firm, not to a spouse, former spouse, or child.

Plaintiff bears the burden of proving nondischargeability. It has not established § 523(a)(15)'s payee element as a matter of law.

## V. SECTION 523(a)(5) WAS NOT PLEADED AND IS NOT ESTABLISHED

### A. Plaintiff cannot add § 523(a)(5) by summary-judgment motion.

Plaintiff's Complaint pleaded claims under § 523(a)(15) and § 523(a)(6). Plaintiff's own Statement of Undisputed Facts states that Plaintiff commenced this adversary proceeding seeking a determination under §§ 523(a)(15) and 523(a)(6). Doc. 8-3, ¶ 8. Section 523(a)(5) was not pleaded.

The Scheduling Order set June 8, 2026 as the deadline for motions to amend pleadings or amendment by agreement of the parties. Doc. 7. Plaintiff filed its Motion for Summary Judgment after that deadline and attempted to add § 523(a)(5) as an alternative theory. Doc. 8.

A party may not amend a complaint through summary-judgment briefing. See *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141-42 (8th Cir. 2014). Plaintiff did not seek leave to amend. It did not amend its Complaint. The § 523(a)(5) claim is not before the Court.

### B. The record does not establish a domestic support obligation.

Even if § 523(a)(5) were before the Court, Plaintiff has not established that the debt is a domestic support obligation.

A domestic support obligation must be in the nature of alimony, maintenance, or support. 11 U.S.C. § 101(14A). The controlling inquiry under

9

*Williams* and *Kline* is the function the award was intended to serve. *Williams*, 703 F.2d at 1057; *Kline*, 65 F.3d at 751.

The state-court orders do not show that this award functioned as support. The contempt order did not award fees based on Tracie's need, Michael's ability to pay, maintenance, child support, or subsistence. The order did not characterize the award as alimony, maintenance, or support. The order stated that attorney fees were imposed as additional punishment for contempt and limited the award to reasonable and necessary fees related to the contempt matter.

Plaintiff's supplemental appendix likewise does not establish a support-function record. It does not show that the fee award was based on alimony, maintenance, support, Tracie's need, Michael's ability to pay, or any support-related finding. It shows a contempt ruling and a fee order payable directly to counsel. Doc. 14-1 at 14; Doc. 14-2 at 1.

That record does not establish support. It establishes a contempt-related fee sanction payable to counsel. Plaintiff cannot convert that into § 523(a)(5) support by invoking *Williams* and *Kline* in the abstract.

## VI. SECTION 523(a)(6) IS NOT ESTABLISHED

### A. Section 523(a)(6) requires willful and malicious injury, not merely contempt.

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."

The Supreme Court has held that § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). In the Eighth Circuit, "willful" and "malicious" are separate requirements. Malice requires conduct targeted at the

10

creditor, at least in the sense that the conduct is certain or almost certain to cause financial harm. See *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180-81 (8th Cir. 2008); *Porter v. Sells (In re Porter)*, 539 F.3d 889, 893-94 (8th Cir. 2008); *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir. 1985).

Plaintiff's theory effectively equates Iowa contempt willfulness with bankruptcy-law willful and malicious injury. That is wrong.

The Iowa contempt standard quoted by Plaintiff is disjunctive. It includes conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized and coupled with unconcern whether the contemnor had the right to act. That standard may support a contempt finding. It does not necessarily establish that the debtor intended an injury, much less that he committed a willful and malicious injury within the meaning of § 523(a)(6).

**B. Issue preclusion does not establish § 523(a)(6).**

Plaintiff relies on issue preclusion, but issue preclusion requires more than the existence of a state-court contempt order.

Under Iowa law, issue preclusion prevents relitigation of issues raised and resolved in a prior action, but only where the issue is identical, was raised and litigated, was material and relevant to the prior disposition, and was necessary and essential to the resulting judgment. Hunter v. City of Des Moines, 300 N.W.2d 121, 123 (Iowa 1981).

The identical-issue requirement is not met. The state court decided contempt under Iowa law. It did not decide whether the attorney-fee debt was "for willful and malicious injury" under § 523(a)(6). It did not decide that Michael intended to

11

injure Tracie, H.D.P., or Plaintiff. It did not decide that the debt was caused by a willful and malicious injury as bankruptcy law defines that phrase.

The necessity requirement also is not met. The state court did not need to decide § 523(a)(6) injury, malice, or bankruptcy causation to impose contempt sanctions and award attorney fees. The state court needed to decide contempt. That is a different issue.

The finality record is also incomplete. Plaintiff has not supplied a docket, certificate, appellate-history record, or finality analysis establishing that the contempt and fee orders may be given issue-preclusive effect for purposes of § 523(a)(6).

**C. The fee debt is not shown to be a debt "for" willful and malicious injury.**

There is an additional causation problem.

The debt at issue is an attorney-fee award. It was imposed as part of the state-court contempt remedy. Plaintiff must still show that this particular debt is a debt "for" willful and malicious injury. It is not enough to show that fees were awarded after a contempt finding.

Plaintiff's Statement of Undisputed Facts does not identify the specific injury for § 523(a)(6) purposes. It does not identify the target of malicious conduct. It does not identify facts showing that Michael intended to cause injury. It does not identify facts showing that the attorney-fee debt was compensation for a willful and malicious injury rather than a contempt-related fee sanction.

Attorney fees may follow a nondischargeable debt when the underlying debt is itself nondischargeable. But that principle does not eliminate the need to prove the underlying nondischargeability elements. Plaintiff has not established an

12

underlying willful and malicious injury debt. It has established, at most, a contempt-related attorney-fee award. That is insufficient under § 523(a)(6).

## VII. PLAINTIFF'S RULE 56 DEFECTS ARE NOT MERELY TECHNICAL

Plaintiff initially filed its Motion without the summary-judgment appendix required by the applicable rules. Plaintiff's Statement of Undisputed Facts did not cite an appendix or specific pages of record evidence. Plaintiff asked the Court to enter broad findings under §§ 523(a)(15), 523(a)(6), and 523(a)(5) based largely on counsel's characterization of the state-court record.

To the extent Plaintiff is permitted to cure the appendix issue, that does not cure the legal defects. A late appendix may establish what the state-court orders say. It does not establish that § 523(a)(15) applies to a law firm suing in its own name, that § 523(a)(5) was pleaded, or that Iowa contempt willfulness is identical to § 523(a)(6) willful and malicious injury.

The state-court record is not enough. Plaintiff must establish entitlement to judgment under the Bankruptcy Code. It has not done so.

## VIII. CONCLUSION

Plaintiff's Motion should be denied.

Section 523(a)(15) does not apply because Plaintiff is a law firm, not a spouse, former spouse, or child, and the debt is payable directly to counsel. Plaintiff has not established that this debt is "to a spouse, former spouse, or child" as the statute requires.

Section 523(a)(5) was not pleaded, and in any event the record does not establish a domestic support obligation.

13

Section 523(a)(6) is not established because Iowa contempt willfulness is not identical to bankruptcy-law willful and malicious injury, and Plaintiff has not established the required identity of issues, intentional injury, malice, finality, or causal nexus between a willful and malicious injury and the attorney-fee debt.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment and grant such other and further relief as is just.

Respectfully submitted,
/s/ **Steven G. Klesner**
Steven G. Klesner AT00013024
FITZGERALD, KLESNER, &
PAVELICH, PLC
373 Scott Court, Suite B
P.O. Box 3400
Iowa City, IA 52244-3400
steve@iclawfirm.com
(319) 338-9852
(319) 354-7265 facsimile

**ATTORNEY FOR DEFENDANT
MICHAEL J. PRIER**

## CERTIFICATE OF SERVICE

I certify that on August _7_, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ **Steven G. Klesner**

14