**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: Michael J. Prier, | ) | Case No. 25-01418 |
| Debtor, | ) | (Chapter 7) |
| Viner Law Firm, | ) | Adv. Proc. No. 26-09013 |
| Plaintiff, | ) | |
| Michael J. Prier, | ) | Plaintiff's Reply to Defendant's Surreply |
| Defendant. | ) | to Motion for Summary Judgment |

COMES NOW the Viner Law Firm (the "Plaintiff"), who files this Reply to Defendant's Surreply to Plaintiff's Motion for Summary Judgment (the "Motion") against Michael J. Prier (the "Defendant") and in support thereof states as follows:

## I.    Introduction.

1.    On July 24, 2026, the Court held a hearing on the Motion.

2.    That same day, the Court entered a Proceeding Memo and Order that set the deadline for Defendant to file their brief ("Defendant's Surreply") as August 3, 2026, and that set the deadline for Plaintiff to file the instant brief as August 10, 2026.

3.    On August 7, 2026—four days after the August 3, 2026 deadline—Defendant filed their Surreply without seeking leave of Court or offering any showing of excusable neglect. The Court should disregard the untimely filing in its entirety. In any event, and as set forth below, the Surreply fails on the merits and does not raise any genuine dispute of material fact that would preclude summary judgment.

4.    Defendant's Resistance and Surreply confirms there is no genuine dispute of material fact. They admit the entry of the Contempt Order, the entry of

the Fee Order, the $7,225.50 amount of the debt, and that the debt arose in the parties'

domestic-relations litigation, and they frame the dispute as purely legal.

5. The only question they press is whether a contempt-related attorney-fee

award arising from the dissolution case falls within § 523(a)(15) when the state court

directed payment to the former spouse's counsel. Under Eighth Circuit authority

rejecting formalistic payee analyses in domestic-relations dischargeability disputes,

and under the overwhelming out-of-circuit authority, the answer is yes. Summary

judgment should be granted.

II. **Argument: Defendant's Payee Argument Fails as a Matter of Law Under the Undisputed Record and Controlling Eighth Circuit Authority that is Supported by the First and Second Circuits, the Bankruptcy Appellate Panel of the Ninth Circuit and Bankruptcy Courts from the Ninth, Tenth and Eleventh Circuits.**

A. The substance and function of the obligation control over the named payee.

6. Here, the undisputed record establishes that the fee award was imposed

within the dissolution proceeding as punishment for Defendant's contempt, to

compensate the former spouse for her reasonable and necessary attorney's fees

incurred to enforce custody and parenting orders. The subsequent Fee Order fixed

the amount and directed payment to her counsel. On these facts, the obligation's

origin and purpose are domestic relations in character. Routing payment to counsel

does not alter that reality.

7. The Eighth Circuit has long rejected efforts to elevate form over

substance in determining the dischargeability of domestic-relations debts. In

Williams v. Williams (In re Williams), the court held that whether an obligation is

nondischargeable turns on the nature and purpose of the award-whether it functions

13

to provide support-rather than on its label or the identity of the payee. 703 F.2d 1055 (8th Cir. 1983). The court reaffirmed that principle in <u>Holliday v. Kline</u> (<u>In re Kline</u>), holding that an attorney-fee obligation arising from domestic-relations litigation may be nondischargeable even though the state court directed that the fees be paid to counsel. 65 F.3d 749 (8th Cir. 1995). Together, <u>Williams</u> and <u>Kline</u> establish the controlling framework in this Circuit:  courts look to the substance and function of the obligation, not to the payment conduit. Applying that framework here compels the conclusion that the fee award is nondischargeable.

8.      Aside from the Fifth and Seventh Circuits, courts across the First, Second, Ninth, Tenth, and Eleventh Circuits that have considered the dischargeability of attorney's fees payable to law firms in domestic-relations litigation have found such fees non-dischargeable, looking to the substance and function of the obligation rather than the identity of the payee. In the First and Second Circuits, that principle has been applied through the closely related exception in § 523(a)(5); in the Ninth, Tenth, and Eleventh Circuits, courts have applied the same substance-over-payee reasoning directly under § 523(a)(15).

9.      The First Circuit's "review of existing case law and the legislative history of section 523(a)(15) [led the court] to the conclusion that attorneys' fees continue to be governed by section 523(a)(5)." <u>Macy v. Macy</u>, 114 F.3d 1, 3 (1st Cir. 1997).

10.      The Second Circuit observed that "[c]ourts are in general agreement that obligations in the nature of alimony, maintenance and support may include the

duty to pay attorneys' fees incurred by the former spouse in connection with a divorce proceeding, the obtaining and enforcement of alimony and/or support awards, or for custody disputes." Falk & Siemer v. Maddigan (In re Maddigan), 312 F.3d 589, 595–96 (2d Cir. 2002). A bankruptcy court in that circuit noted that attorney's fees "are nondischargeable pursuant to § 523(a)(15)." In re Tarone, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010). "Additionally, it should be noted that the fact that the attorneys' fees are payable directly to [the spouse's law firm], and not to [the spouse], does not remove these debts from the scope of § 523(a)(15)." Id.

11. The Bankruptcy Appellate Panel for the Ninth Circuit notes that "both § 523(a)(5) and § 523(a)(15) are subject to the same limiting phrase, which references debts to 'a spouse, former spouse, or child of the debtor,'" but that "[e]ven so, many cases, both before and after BAPCPA, have de-emphasized or ignored this phrase, instead choosing to focus on the 'nature' of the underlying debt as determining the applicability of the statute." In re Gunness, 505 B.R. 1, 5 (B.A.P. 9th Cir. 2014). In another case, the panel found that "[t]here is no requirement in § 523(a)(15) that a debt obligation incurred as part of a dissolution judgment be payable *directly* to the ex-spouse in order to be excepted from a debtor's discharge." In re Francis, 505 B.R. 914, 919-20 (B.A.P. 9th Cir. 2014) (emphasis added). A bankruptcy court in that circuit noted that "[a]s in the § 523(a)(5) context, caselaw has expanded the scope of § 523(a)(15) to cover certain debts payable to non-designated payees." In re Wilson, 608 B.R. 514, 522 (Bankr. D. Ariz. 2019).

13

12.     While interpreting § 523(a)(15), a bankruptcy court in the Tenth Circuit noted that "[i]t is of no consequence that an attorney fee award is made payable to, and enforceable by, the spouse or child's attorneys." In re Notary, 547 B.R. 411, 421 (Bankr. D. Colo. 2016).

13.     In the Eleventh Circuit, a bankruptcy court noted that "[i]f the Attorney's Fees are a debt to the Former Spouse incurred in the course of a divorce, then they are nondischargeable under § 523(a)(15)." In re Elhag, 606 B.R. 500, 504 (Bankr. N.D. Ga. 2019). The court found that it "need only determine whether the Attorney's Fees are a debt (1) incurred in the course of a divorce and (2) to the Former Spouse." Id.

14.     In sum, the controlling Eighth Circuit framework looks to the substance and function of a domestic-relations obligation rather than to the label affixed to it or the identity of the payee, and the weight of authority from the First, Second, Ninth, Tenth, and Eleventh Circuits is in accord: attorney's fees awarded in the course of domestic-relations litigation do not fall outside § 523(a)(15) merely because the state court directed that they be paid to the former spouse's counsel. Applying that settled framework to the undisputed record here, the contempt-related fee award is nondischargeable, and Defendant's contrary payee-formalism argument fails as a matter of law.

B.     Section 523(a)(15) is satisfied on this undisputed record.

15.     Section 523(a)(15) excepts from discharge any debt owed to a spouse, former spouse, or child of the debtor that is incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other

order of a court of record, and that is not a domestic support obligation. Each predicate fact is undisputed here: the contempt and fee orders were entered in the parties' dissolution case; the Fee Order fixed the amount ($7,225.50) and the payee; and the fees were awarded as a contempt sanction for Defendant's violation of custody and communication orders. The obligation thus arose in connection with a divorce decree or related order and was incurred for the benefit of the former spouse. On these undisputed facts, the debt falls squarely within § 523(a)(15) as a matter of law.

16.     Defendant's insistence that § 523(a)(15) turns exclusively on the identity of the payee ignores how the Eighth Circuit analyzes domestic-relations obligations and is inconsistent with decisions within this Circuit rejecting a formalistic payee focus. The statute's text is applied in light of its purpose and the Eighth Circuit's instruction to examine the substance and function of domestic-relations debts rather than the label or the payment conduit. The obligation here was imposed in the dissolution proceeding, for the benefit of the former spouse, to remediate willful noncompliance with family-law orders; it remains nondischargeable under § 523(a)(15) notwithstanding that the Fee Order directs payment to counsel.

17.     Nor does Defendant identify any authority from the Eighth Circuit holding that a domestic-relations attorney-fee award becomes dischargeable merely because the state court directed payment to counsel. Defendant's reliance on two, non-binding, out-of-circuit cases is unpersuasive for the reasons above and should be rejected in favor of the controlling the Eighth Circuit approach as supported by the

13

First and Second Circuits, the Bankruptcy Appellate Panel of the Ninth Circuit, and bankruptcy courts in the Ninth, Tenth and Eleventh Circuits.

C.     Out-of-circuit payee-formalism decisions are unpersuasive and not controlling.

18.     Defendant argues that a law firm cannot pursue nondischargeability where the fee order runs to counsel. The out-of-circuit cases they rely on are neither binding nor consistent with the Eighth Circuit's substance-over-form approach in domestic-relations dischargeability determinations. They should not be followed here.

19.     Defendant asserts that "[w]hen the statutory language is plain, the [C]ourt's function is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000). But Defendant omits the Supreme Court's critical qualification: courts enforce plain text "at least where the disposition required by the text is not absurd." Id. Defendant's reading produces precisely that absurd result. The former spouse incurred real attorney's fees to enforce custody and parenting orders, and the State Court memorialized those fees in the Fee Order. Nothing suggests the State Court intended to strip the former spouse of the benefit of that award simply by directing that payment be made to her counsel. Reading § 523(a)(15) to render the debt dischargeable on that basis would elevate a bookkeeping formality over the substance and function of the obligation-an absurd result the Eighth Circuit's precedent forecloses.

20.     Defendant's citation to Duncan is unpersuasive because it arose in the *habeas* context and concerned the statutory interpretation of the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996, not the

dischargeability of domestic-relations obligations. <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

21.     Defendant's reliance on <u>In re Brooks</u>, 371 B.R. 761 (Bankr. N.D. Tex. 2007) (citing <u>Lamie v. U.S. Trustee</u>, 540 U.S. 526 (2004)), is misplaced. Brooks is a non-binding Fifth Circuit bankruptcy decision that reflects the minority payee-formalism view rejected by the weight of authority discussed above. It is neither controlling in this Circuit nor consistent with the Eighth Circuit's substance-over-form approach to domestic-relations dischargeability, and it should not be followed here.

22.     Defendant cites a Seventh Circuit bankruptcy case. <u>In re Symdon</u>, No. 13-14692, 2014 WL 4966680 (Bankr. W.D. Wis. Oct. 3, 2014), vacated and remanded, <u>Balisle & Roberson, S.C. v. Symdon</u>, No. 14-CV-832-WMC, 2016 WL 2731687 (W.D. Wis. May 10, 2016). However, the district court considering such bankruptcy case noted that "[a]s the bankruptcy court itself acknowledged in its order, however, its reading is *contrary to the vast majority* of courts that have considered this issue." <u>Id.</u> at *3 (emphasis added); <u>see</u>, <u>e.g.</u>, <u>McNeil v. Drazen</u>, 499 B.R. 484, 491-92 (D. Md. 2013) ("Post-BAPCPA, the weight of authority of bankruptcy courts in this circuit and others is that attorney fee debts awarded in domestic litigation may qualify as domestic support obligations, even if they are not payable directly to the debtor's spouse, former spouse, or child.") (citing cases).

23.     For these reasons, the out-of-circuit decisions on which Defendant relies are unpersuasive and not controlling. They reflect a minority payee-formalism view

that has been rejected by the weight of authority, and they are inconsistent with the Eighth Circuit's substance-over-form approach to domestic-relations dischargeability. Neither <u>Brooks</u> nor <u>Symdon</u> binds this Court, and <u>Symdon</u> was itself vacated and remanded after the bankruptcy court acknowledged its reading was contrary to the vast majority of courts to consider the issue. These decisions should not be followed here.

D.   <u>The payee argument fails as a matter of law and summary judgment should be granted.</u>

24.   For the foregoing reasons, Defendant's payee-formalism argument fails as a matter of law. The controlling Eighth Circuit framework looks to the substance and function of a domestic-relations obligation, not to its label or the identity of the payee, and each predicate fact required by § 523(a)(15) is undisputed on this record. <u>See</u> *supra* Parts II.A–B.

25.   The two out-of-circuit decisions on which Defendant relies reflect a minority view that is neither binding on this Court nor consistent with that settled approach. <u>See</u> *supra* Part II.C. The contempt-related fee award is therefore nondischargeable under § 523(a)(15) even though the state court directed payment to the former spouse's counsel, and summary judgment should be granted.

### III.   **Argument: Summary Judgment Is Appropriate Because No Genuine Dispute of Material Fact Exists.**

A.   <u>The payee issue presents a pure question of law.</u>

26.   Defendant acknowledges that the state-court orders say what they say and that their dispute is legal, not factual. A legal disagreement about the consequences of undisputed facts does not preclude summary judgment.

B.    The material facts are admitted and established by the state-court record.

27.    Defendant admits:  (1) the domestic-relations case; (2) the Contempt Order following a contested hearing; (3) the fee award for the former spouse's attorney's fees; (4) the December 22, 2025 Fee Order fixing $7,225.50 and directing payment to the Defendant's former spouse's counsel, i.e., the Plaintiff; and (5) that this attorney-fee debt arose from the parties' domestic-relations litigation. Those facts are independently established by Plaintiff's Statement of Undisputed Facts and the Memorandum's record discussion. With the facts admitted and undisputed, the payee question is resolved as a matter of law, and summary judgment is appropriate.

C.    Because the sole issue is legal and every material fact is admitted, summary judgment is appropriate.

28.    In short, the payee dispute is a legal question, not a factual one, and every material fact is admitted by Defendant and independently established by the state-court record and Plaintiff's Statement of Undisputed Facts. Because there is no genuine dispute of material fact and the sole issue Defendant presses is one of law, the Motion is ripe for resolution and summary judgment is appropriate.

IV.   **Argument: Defendant's Remaining Arguments Lack Merit and Do Not Preclude Judgment**

A.    The § 523(a)(5) pleading objection does not defeat summary judgment; § 523(a)(15) and § 523(a)(6) independently support relief.

29.    Defendant argues Plaintiff did not plead § 523(a)(5) and therefore cannot obtain relief on that ground. The Court need not decide that procedural point to grant the Motion. Plaintiff pleaded and briefed claims under § 523(a)(15) and § 523(a)(6), which independently warrant summary judgment on this undisputed

13

record. In any event, Defendant's payee argument fails for the reasons above even if the Court does not reach § 523(a)(5).

B.      Defendant's § 523(a)(6) objections fail on this record.

30.      Defendant contends Iowa contempt law is not identical to § 523(a)(6)'s willful-and-malicious standard and that preclusion does not apply. But they identify no factual dispute as to what the state court actually found or why it awarded fees. The contempt ruling required proof beyond a reasonable doubt of "conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty," and the court-imposed sanctions including attorney's fees tied to that misconduct; the subsequent Fee Order fixed the amount and directed payment within 30 days. Plaintiff's briefing explains why those findings meet or exceed the § 523(a)(6) standard and why causation is satisfied; Defendant's disagreement with the legal effect of undisputed state-court findings presents a question of law suited for summary judgment.

C.      Defendant's suggestion that Plaintiff must prove an assignment or agency to prevail under § 523(a)(15) lacks merit.

31.      Defendant argues Plaintiff has not shown an assignment or other mechanism by which a law firm may pursue a spouse's claim under § 523(a)(15). That contention misstates the inquiry. The question is whether the debt is the kind § 523(a)(15) excepts from discharge—i.e., a non-support domestic-relations obligation incurred in connection with a divorce or related order. Under Eighth Circuit authority rejecting payee formalism in domestic-relations dischargeability analysis, an obligation's origin and function—not the payment conduit—govern. On the

13

undisputed record, the fee award was imposed within the dissolution case to remedy willful noncompliance with custody and communication orders, and the amount and payee were fixed by the Fee Order. No further assignment or agency showing is required to establish nondischargeability.

D.     <u>None of Defendant's remaining arguments raises a genuine dispute of material fact or precludes summary judgment.</u>

32.     In sum, none of Defendant's remaining arguments precludes summary judgment. The § 523(a)(5) pleading objection is immaterial because Plaintiff pleaded and briefed claims under § 523(a)(15) and § 523(a)(6), each of which independently supports relief; the § 523(a)(6) objections raise only legal disagreements about the effect of undisputed state-court findings; and the assignment-or-agency theory misstates an inquiry that turns on the origin and function of the obligation, not the payment conduit. Because these contentions are legal, not factual, and each fails on the merits, they provide no basis to deny the Motion.

## V.     Conclusion

33.     The material facts are undisputed, and Defendant's Resistance and Surreply raise only legal arguments. On this record, the attorney-fee debt arising from the parties' dissolution-related contempt proceeding is nondischargeable under § 523(a)(15). Alternatively, the debt is nondischargeable under § 523(a)(6), and, if the Court reaches it, under § 523(a)(5). Plaintiff respectfully requests that the Court grant the Motion for Summary Judgment and enter judgment determining that Defendant's $7,225.50 attorney-fee obligation is excepted from discharge.

*[Remainder of Page Intentionally Left Blank;*
*Prayer for Relief, Date, Signature, and Certificate of Service Follow]*

WHEREFORE the Plaintiff prays that the Court:  (I) grant the Motion for Summary Judgment; (II) determine that the $7,225.50 debt is nondischargeable under 11 U.S.C. §§ 523(a)(15) or 523(a)(6), and alternatively under § 523(a)(5); and (III) provide for such other relief as is just, proper, and necessary under the circumstances.

Date: <u>August 10, 2026</u>.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
       Frontenac, MO 63131
Physical: 222 Third Ave. SE
       Suite 501, Office 6
       Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
*Attorney for Plaintiff*

**<u>Certificate of Service</u>**
I certify that I caused the foregoing to be filed with the CM/ECF on August 10, 2026, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*

13