**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: Michael J. Prier, | ) | Case No. 25-01418 |
| Debtor, | ) | (Chapter 7) |
| Viner Law Firm, | ) | Adv. Proc. No. 26-09013 |
| Plaintiff, | ) | |
| Michael J. Prier, | ) | Pre Trial Statement |
| Defendant. | ) | |

Plaintiff Viner Law Firm and Defendant Michael J. Prier submit this proposed pretrial statement, structured to reflect only facts and issues supported by the record and to narrow the matters remaining for trial. The parties reserve all rights and objections not expressly waived below.

## I.      Parties

1.      <u>Plaintiff</u>: Viner Law Firm, an Iowa law firm and creditor in the bankruptcy case.

2.      <u>Defendant</u>: Michael J. Prier, debtor in Case No. 25-01418.

3.      <u>Related non-party</u>: Tracie D. Villhauer (formerly Prier), represented by Plaintiff in the dissolution proceeding in the Iowa District Court for Johnson County, Case No. CDDM018646.

## II.      Nature of the Adversary Proceeding

4.      Plaintiff seeks a determination that a state-court attorney-fee award (fixed at $7,225.50 and payable to Respondent's counsel) is excepted from discharge. Plaintiff pleaded claims under 11 U.S.C. § 523(a)(15) and § 523(a)(6).

5.      Defendant denies that the debt is excepted from discharge under § 523(a)(15) or § 523(a)(6) and asserts affirmative defenses.

## III.   Jurisdiction, Core Status, and Venue

6.    Jurisdiction exists under 28 U.S.C. §§ 1334 and 157; this is a core proceeding under § 157(b)(2)(I); venue is proper under 28 U.S.C. § 1409.

## IV.   Procedural History (Concise)

7.    Nov. 2, 2025: Iowa District Court (Johnson County) entered a contempt ruling after a contested evidentiary hearing (the "Contempt Order"), awarding Respondent reasonable and necessary attorney's fees related to the contempt.

8.    Dec. 22, 2025: The court entered an Order Assessing Attorney's Fees (the "Fee Order") setting $7,225.50 and directing payment "directly to Respondent's counsel of record within 30 days".

9.    Dec. 23, 2025: Defendant filed Chapter 7.

10.    Mar. 4, 2026: Plaintiff filed this adversary Complaint under § 523(a)(15) and § 523(a)(6).

11.    The Bankruptcy Court granted limited stay relief to permit the state court to enforce the Contempt Order and determine fees while reserving dischargeability for this Court, as reflected in the parties' filings.

12.    The parties completed summary-judgment briefing (Motion, Statement of Undisputed Facts, Memorandum, Proposed Order; Objection; Reply; and Surreplies).

2

## V.    Uncontested Facts

13.    The following facts appear undisputed based on the pleadings and summary-judgment record:

(a)    The dissolution matter between Defendant and Ms. Villhauer is pending in the Iowa District Court for Johnson County, Case No. CDDM018646.

(b)    Following a contested evidentiary hearing, the Contempt Order (Nov. 2, 2025) found Defendant in contempt in relation to custody and communication orders and provided that Respondent was entitled to attorney's fees related to the contempt.

(c)    The Fee Order (Dec. 22, 2025) fixes attorney's fees at $7,225.50 and directs payment to Respondent's counsel of record within 30 days.

(d)    Defendant filed Chapter 7 on December 23, 2025.

(e)    Plaintiff filed this adversary proceeding under § 523(a)(15) and § 523(a)(6) on March 4, 2026.

(f)    The Bankruptcy Court granted limited stay relief for the state court to fix fees while reserving dischargeability to this Court, as reflected in the filings.

## VI.    Contested Facts

14.    The parties agree that most disputes are legal. To the extent any fact is contested and material:

(a)    Defendant disputes that the conduct underlying the contempt necessarily constitutes a "willful and malicious injury" within the meaning of § 523(a)(6), including requisite intent and malice under Eighth Circuit standards, and disputes the causal nexus between any such injury and the specific attorney-fee debt.

## VII.   Claims, Defenses, and Issues Remaining

A.   <u>Plaintiff's Claims to Be Tried</u>

15.   **Count I**: <u>§ 523(a)(15) (divorce/separation-related debt)</u>. Plaintiff asserts the fee obligation is a debt incurred in the course of or in connection with orders in the dissolution case.

16.   **Count II**: <u>§ 523(a)(6) (willful and malicious injury)</u>. Plaintiff asserts the fee obligation arises from willful and malicious conduct as determined in the contempt proceedings or proven at trial. Plaintiff asserts issue preclusion supports § 523(a)(6).

B.   <u>Defendant's Defenses To Be Tried</u>

17.   Defendant asserts that Plaintiff failed to state a claim.

18.   **Count I**: <u>§ 523(a)(15) (divorce/separation-related debt)</u>. Defendant asserts that section 523(a)(15) is inapplicable because the debt is not "to a spouse, former spouse, or child". Defendant asserts that Plaintiff lacks standing under § 523(a)(15) because Plaintiff is a law firm and the Fee Order directs payment to counsel.

19.   **Count II**: <u>§ 523(a)(6) (willful and malicious injury)</u>. Defendant asserts that the terms of section 523(a)(6) are not met under <u>Kawaauhau v. Geiger</u>. 523 U.S. 57 (1998). Defendant asserts that issue preclusion does not apply because of the lack of identity of issues with § 523(a)(6) standards and because malice and intent are not established.

4

C.    Dismissed/Resolved Matters

20.    No claim has been dismissed by order reflected in the current record. Defendant maintains that § 523(a)(5) was not pleaded and is not at issue absent amendment. The parties recognize the Court may confine trial to pleaded claims (§§ 523(a)(15) and (a)(6)).

## VIII. Issues for Trial

21.    The parties propose the following issue list to streamline trial and facilitate acceptance by both sides:

A.    Issue 1 (Statutory applicability under § 523(a)(15)):

22.    Whether the $7,225.50 fee debt—arising from the Contempt Order and Fee Order within the dissolution case—is excepted from discharge under § 523(a)(15), including whether § 523(a)(15)'s "to a spouse, former spouse, or child" requirement is satisfied when the Fee Order directs payment to Respondent's counsel and the law firm is plaintiff in this adversary proceeding.

23.    **Burden of Proof**: Plaintiff by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991).

24.    **Sources in record**: Complaint; Answer/Defenses; Fee Order; parties' summary-judgment briefs.

B.    Issue 2 (§ 523(a)(6) — willful and malicious injury):

25.    Whether the attorney-fee debt is "for willful and malicious injury" under § 523(a)(6), including: (a) whether the Iowa contempt willfulness finding meets the bankruptcy standard for "willful and malicious injury," and (b) whether issue preclusion applies under Iowa law (identity of issues, actual litigation, necessity,

5

finality, and full and fair opportunity), and (c) if preclusion does not apply, whether Plaintiff can establish the elements at trial.

26. **Burden of Proof**: Plaintiff by a preponderance of the evidence (Geiger; Eighth Circuit maliciousness standard).

27. **Sources in record**: Complaint; Answer/Defenses; Contempt Order; Fee Order; Statement of Undisputed Facts; parties' summary-judgment briefs.

## IX.  Witnesses

28. The parties anticipate a streamlined presentation, subject to the Court's guidance. Based on the current record:

(a) <u>Michael J. Prier (fact)</u>: Limited testimony, if needed, on the existence of the state-court orders, the payment directive, and any remaining factual matters material to § 523(a)(6) intent/malice if the Court declines preclusion.

(b) <u>Tracie D. Villhauer (fact)</u>: Limited testimony, if needed, regarding the circumstances of the contempt proceeding and the incurrence of attorney's fees related to the contempt, consistent with the state-court orders.

(c) <u>Records custodians (if required)</u>: For certified copies/authentication of the Contempt Order and Fee Order; the parties will confer to avoid unnecessary witnesses in light of the Appendix.

## X.  Exhibits

29. The parties propose to admit certified or agreed copies of the following, without objection as to authenticity:

(a) Contempt Order (Johnson County, Nov. 2, 2025): Establishes the contempt adjudication and fee entitlement related to the contempt.

(b) Fee Order (Johnson County, Dec. 22, 2025): Establishes the fee amount ($7,225.50) and payment directive to Respondent's counsel.

(c)    Pleadings and papers as necessary to frame issues (Complaint; Answer and Affirmative Defenses; Statement of Undisputed Facts; Motion; Objection; Reply; Surreplies).

30.    **Purpose/Relevance**: To establish the existence, nature, amount, and payee of the debt; to frame the pleaded claims and defenses; and to identify any remaining material issues for trial. The parties will confer on a joint exhibit list with exhibit numbers and will identify any foundation or hearsay objections (none anticipated for the court orders).

## XI.    Evidentiary and Motion-in-Limine Issues

31.    **Authentication**: The parties anticipate stipulating to authenticity of the Contempt Order and Fee Order as public records. Certified copies will be provided if requested.

32.    **Judicial notice/public records**: The parties anticipate no objection to the Court's consideration of the state-court orders for their existence, contents, and legal effect.

33.    **Scope of issues**: Defendant requests that trial and any judgment be limited to the pleaded claims (§§ 523(a)(15) and (a)(6)) and not include § 523(a)(5) determinations. Plaintiff preserves all arguments but agrees that the pleaded counts frame the trial issues absent Court order to the contrary.

## XII.    Stipulations

34.    Subject to Court approval, the parties are willing to stipulate to:

(a)    Authenticity and admissibility of the Contempt Order and Fee Order.

(b)    The amount of the fee debt ($7,225.50) and the payment directive to Respondent's counsel.

7

(c)   The existence and case number of the underlying state domestic-relations proceeding.

(d)   That the issues for trial are confined to the pleaded claims under § 523(a)(15) and § 523(a)(6), with all party positions preserved as reflected in their filings.

## XIII.  Organization Under Local Rules/Scheduling Order

35.   The parties agree to conform this pretrial statement to any additional requirements set forth in the Court's scheduling order or local rules. If a different form is required, the parties will promptly re-file in the prescribed format.

## XIV.  Relief Requested at Trial

36.   Plaintiff requests a determination that the $7,225.50 fee debt is excepted from discharge under § 523(a)(15) or § 523(a)(6).

37.   Defendant requests that the Court determine the debt dischargeable and deny the relief requested, and, if any relief is granted under § 523(a)(15), limit the judgment to that provision only.

*[Remainder of Page Intentionally Left Blank;
Date, Signatures, and Certificate of Service Follow]*

Date: <u>August 10, 2026</u>.

Respectfully submitted,

AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
          Frontenac, MO 63131
Physical: 222 Third Ave. SE
          Suite 501, Office 6
          Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
     *Attorney for Plaintiff the Viner Law Firm*

**/s/ *Steven G. Klesner***
Steven G. Klesner AT00013024
FITZGERALD, KLESNER, &
PAVELICH, PLC
373 Scott Court, Suite B
P.O. Box 3400
Iowa City, IA 52244-3400
steve@iclawfirm.com
(319) 338-9852
(319) 354-7265 facsimile
     *Attorney for Defendant Michael J. Prier*

---

**Certificate of Service**

I certify that I caused the foregoing to be filed with the CM/ECF on August 10, 2026, and mailed, as necessary to those parties not registered with CM/ECF, via USPS first-class, postage fully prepaid.

*Eric J Langston*

9